## COMMONWEALTH *vs.* MYRON McDONALD.

Plymouth.　　October 16, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Sale of Intoxicating Liquors — Accomplice — Evidence.*

At the trial of a complaint for unlawfully keeping for sale intoxicating liquors, after evidence that the defendant and a companion were acting together as accomplices in such sales of liquor, evidence was admitted of the acts of such companion after the arrest of the defendant, but the jury were instructed to disregard it if they were not satisfied that the two were acting together as confederates in a common enterprise. *Held,* that the evidence was rightly admitted.

COMPLAINT for the unlawful keeping for sale of intoxicating liquors.

At the trial in the Superior Court, on appeal, before *Staples,* J., evidence was introduced tending to prove that the defendant and one Murphy, with others, were seen together on the Agricultural Fair grounds in Brockton; that Murphy stationed himself behind one of several carriages there standing, while the defendant, with others, went in among them; that the defendant took a tumbler and a bottle from his pocket, and handed them to one of those with him, and thereupon all of them drank except the defendant; that after they had drunk, one of them handed to the defendant what was thought to be a silver half-dollar, which the defendant took and put in his pocket; that subsequently Murphy was seen to speak to three or four persons, and the transaction was repeated; that the defendant and Murphy did not drink anything on either occasion; that after the second occasion the defendant was arrested and taken to the lockup, where he was searched, and bottles containing whiskey were found upon his person. A witness was asked, against the objection of the defendant, as to what took place immediately after the defendant was arrested and taken away, and was permitted to reply that he saw one of the persons that had been drinking among the carriages give something to Murphy, who took it, but that he did not know what it was.

The judge instructed the jury not to consider the evidence of what occurred after the defendant was taken away, unless

they found that the defendant and Murphy were acting together in regard to what was done between the carriages, and were confederates in a common enterprise.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. There was evidence showing that McDonald and Murphy were acting together as accomplices in keeping intoxicating liquor with intent to sell it illegally. The court therefore properly admitted evidence of the acts of Murphy immediately after the arrest of the defendant. The rights of the defendant were carefully guarded by the instruction that the jury should disregard the evidence unless they were satisfied that the parties were acting together as confederates in a common enterprise.                    *Exceptions overruled.*