COMMONWEALTH *vs.* HENRY KERN.

Bristol.    October 23, 1888. — November 26, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Keeping of Intoxicating Liquors for Unlawful Sale — Locality of Offence — License.*

The offence of keeping intoxicating liquors with intent to sell the same unlawfully is not made local by the fact that licenses to sell such liquors may be issued in one town and not in another; and it is sufficient if the proof shows that the offence was committed within the county.

INDICTMENT for keeping intoxicating liquors for sale at Attleborough, on September 30 and October 8, 1887, with intent unlawfully to sell the same in this Commonwealth.

At the trial in the Superior Court, before *Staples*, J., the evidence tended to show that the offence was committed as alleged in a certain tenement situated in the new town of North Attleborough, and more than one hundred rods from the boundary line; and it was admitted that North Attleborough had become, under the St. of 1887, c. 412, a legally incorporated town on July 30, 1887.

Upon this evidence the defendant requested the judge to rule, and instruct the jury, that the offence set out in the indictment was of a local nature, and that there was a fatal variance between the proofs and the allegations in the indictment, and that the jury should acquit the defendant; but the judge ruled that the offence was not local in its nature, and, though it was proved that the defendant committed the offence in North Attleborough, it would not be a variance.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*H. C. Bliss*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J.   When an offence is local in its nature, the allegation of place is a necessary part of the description of the offence, and it must be proved as laid.   Thus it has been held

that the offence of maintaining a tenement used for the illegal sale or keeping of intoxicating liquors is a local offence, like the offence of larceny in a building, or burglary, or arson, and the allegation of place is material. The locality of the tenement or building fixes the identity of the offence charged. *Commonwealth* v. *Heffron*, 102 Mass. 148. *Commonwealth* v. *Bacon*, 108 Mass. 26. But where an offence has no essential connection with the place in which it is committed, like the offence of simple larceny or assault, the place is not material, and need not be proved as alleged; it is sufficient to show that the offence was committed at any place in the county. *Commonwealth* v. *Tolliver*, 8 Gray, 386. *Commonwealth* v. *Creed*, 8 Gray, 387. *Commonwealth* v. *Lavery*, 101 Mass. 207.

The offence of keeping intoxicating liquors with intent to sell the same unlawfully is different in its character from the offence of maintaining a tenement used for the illegal keeping or sale of intoxicating liquors. This offence does not involve any fixed or certain place as a part of its identity. Liquors may be kept for illegal sale in a movable vehicle or upon the person. It is not local in its nature, and the allegation of place is not material. It is sufficient if the proof shows that the illegal keeping was within the county.

The defendant contends, that, as under our laws a man may be licensed to sell intoxicating liquors in one town while he cannot in another, the allegation of place has become material. The fact that a man has a license is a matter which affects the defence or evidence, but does not change the essential character of the offence, or the mode of stating it in the indictment. Though the evidence may be different in different places, the offence is the same in all, that of keeping intoxicating liquors with intent to sell the same unlawfully; and whether there is a license or not, the allegation of place does not become a matter of local description of the offence.

*Exceptions overruled.*