## COMMONWEALTH *vs.* EDWARD RYAN.

Essex.   November 10, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Intoxicating Liquors — Illegal " Keeping " for Sale — Master and Servant.*

A complaint for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same, is supported by proof that at the time named therein the defendant had in his pocket, on his person, intoxicating liquor which he intended to sell in violation of law ; and it makes no difference that he intended to make the sales in the presence of his employer.

COMPLAINT for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same, on January 2, 1892, at Beverly.

At the trial in the Superior Court, before *Dunbar*, J., it was proved or agreed that, on the day named in the complaint, police officers went to a building and store occupied and controlled by one John L. Story; that Story and the defendant were both present in the room in the building visited by the officers, which was a room kept by Story for the illegal sale and keeping of intoxicating liquors; that the defendant at the time had on his person a cardigan jacket with pockets on the inside, and in one of these pockets was a bottle of whiskey ; and that this whiskey was intended for sale by the defendant; but it was not contended by the government that it was intended for sale by him except in the presence of Story.

The defendant requested the judge to rule that, upon the evidence, the defendant could not be convicted; but the judge

refused so to rule, and instructed the jury that the defendant might be convicted on the evidence.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. P. Moulton*, for the defendant.

*W. H. Moody*, District Attorney, for the Commonwealth.

KNOWLTON, J.   It was conceded by the defendant that at the time alleged he had in his pocket, on his person, intoxicating liquor which he intended to sell in violation of law.   He was "keeping" the liquor in his pocket.   The case is strictly within the provisions of the statute under which he was indicted. It makes no difference that he intended to make the sales in the presence of his employer.   It is well settled that it is no defence for one who commits a crime to show that he was acting as a servant, in the presence and under the direction of his master. *Commonwealth* v. *Hadley*, 11 Met. 66.   *Commonwealth* v. *Drew*, 3 Cush. 279.

It is contended that the doctrine of the cases in which it is held that the mere sale of intoxicating liquors by a servant in the presence of his master is not such a participation in the act of keeping and maintaining a tenement used for the sale of intoxicating liquors as to make his servant liable, should be extended to this case.   But the reason of these decisions is that the substantive offence is the keeping and maintaining of a tenement devoted to a particular illegal use, not the doing of the other illegal acts which give the tenement its character.   These acts are distinct offences, for which there may be separate indictments.   A mere visitor or boarder may repeatedly, from time to time, sell intoxicating liquor in a building without having anything to do with keeping and maintaining the building, yet the building is used for the illegal sale of intoxicating liquor, whereby it becomes by force of the statute a common nuisance, for the maintenance of which the keeper is liable.   Pub. Sts. c. 101, §§ 6, 7.   *Commonwealth* v. *Churchill*, 136 Mass. 148.   *Commonwealth* v. *Brady*, 147 Mass. 583, 584.   The doctrine of these cases is not to be extended to facts of a different character.

In *Commonwealth* v. *Kern*, 147 Mass. 595, Chief Justice Morton says: "The offence of keeping intoxicating liquors with intent to sell the same unlawfully is different in its character from

the offence of maintaining a tenement used for the illegal keeping or sale of intoxicating liquors. This offence does not involve any fixed or certain place as a part of its identity. Liquors may be kept for illegal sale in a movable vehicle or upon the person. It is not local in its nature, and the allegation of place is not material." See *Commonwealth* v. *Brown,* 154 Mass. 55; *Commonwealth* v. *Moore,* 157 Mass. 324.

*Exceptions overruled.*