COMMONWEALTH *vs.* PRESBREY MATTHEWS.

Plymouth.    October 20, 1896. — November 24, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Evidence — Local Offence — Statute — Variance.*

The Pub. Sts. c. 213, § 19, which provide that "An offence committed on the boundary line of two counties, or within one hundred rods of such line, may be alleged to have been committed, and may be prosecuted and punished, in either county," have the effect, in the case of an indictment for keeping and maintaining a common nuisance, namely, a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors, of extending not only the county line, but also the town line, for the purposes of allegation, prosecution, and punishment, into the county and town adjoining.

INDICTMENT in Plymouth County, for keeping and maintaining at Brockton in that county a common nuisance, namely, a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors. At the trial in the Superior Court, before *Braley,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, the nature of which appears in the opinion.

*H. Kingman,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

LATHROP, J. At the trial there was no evidence tending to show the keeping of any tenement by the defendant in Brockton; but there was evidence tending to show the keeping of a tenement by him, for the illegal purposes alleged, in Easton, in the county of Bristol, but within one hundred rods

of the boundary line between said counties. The defendant excepted to the admission of the evidence, and also to the refusal of the court to instruct the jury to return a verdict of not guilty, by reason of a variance; and the case comes before us on these exceptions, the defendant having been found guilty.

The precise question presented in this case has not been decided. There is no doubt that the offence charged in the indictment is a local offence, and ordinarily the place must be proved as laid. Thus, if such offence is alleged to have been committed at a town named, and the entire tenement is shown to have been in another town, both towns being in the same county, there is a variance, and the defendant cannot be convicted. *Commonwealth* v. *Heffron*, 102 Mass. 148. *Commonwealth* v. *Bacon*, 108 Mass. 26. *Commonwealth* v. *Hersey*, 144 Mass. 297.

The question then arises how far this rule is affected by the provisions of the Pub. Sts. c. 213, § 19, which are as follows: " An offence committed on the boundary line of two counties, or within one hundred rods of such line, may be alleged to have been committed, and may be prosecuted and punished, in either county."

In *Commonwealth* v. *Gillon*, 2 Allen, 502, the defendant was convicted before the police court of Milford, on a complaint which charged him with a single sale of intoxicating liquor at Milford in the county of Worcester. On appeal it appeared that the sale was in fact made at Holliston, in the county of Middlesex, but within one hundred rods of the boundary line between the two counties. It was held that the police court of Milford had jurisdiction of the offence charged; and that the complaint need not set forth as the place of the commission of the offence that it was on the boundary line of the counties of Worcester and Middlesex, and within one hundred rods of the dividing line between them.

It is to be noticed that in the case last cited the offence was not a local offence, and it was not necessary to prove that it was committed in the place named; it was only necessary to show that it was committed in some place in the county. *Commonwealth* v. *Kern*, 147 Mass. 595. *Commonwealth* v. *Ryan*, 160 Mass. 172.

In *Commonwealth* v. *Costley*, 118 Mass. 1, 25, it was said by Chief Justice Gray, in regard to the Gen. Sts. c. 171, § 17, in which the language is similar to that contained in the Pub. Sts. c. 213, § 19 : " The manifest intent and effect of this enactment are that the boundary line between two counties, and a strip one hundred rods wide on each side of that line, may be treated, for the purposes of allegation, prosecution, and punishment, as being in either county ; or, in other words, that each county, for these purposes, may be deemed to extend one hundred rods into the county adjoining." The indictment in the case last cited was for murder, and therefore the offence was not a local one.

If, then, a local offence is committed within one hundred rods of the boundary line between two counties, which is also the boundary line between two towns, where must the offence be alleged to have been committed ? Must the place of the offence be alleged to be on the boundary line of the two counties and of the two towns, and within one hundred rods of the dividing line between them ? Such a description was held to be unnecessary, as has been already stated, in *Commonwealth* v. *Gillon, ubi supra,* so far as county lines are concerned ; and we see no good reason for adopting this form where the offence is local.

It seems to us that the better rule is to say that the statute under consideration has the effect, in a case like the one before us, of extending not only the county line, but also the town line, " for the purposes of allegation, prosecution, and punishment," into the county and town adjoining.

*Exceptions overruled.*