EDGAR CARTER v. J. H. BARLOW, Sheriff of Keokuk
County.

**Courts:** JURISDICTION: *Boundary line crimes.* The county which
first acquires by proper proceedings, jurisdiction of the person in
case of a crime committed within five hundred yards of a county
line retains such jurisdiction to the end, under Code, 1873, section
4160, providing that when a public offense is committed within
that distance of the boundary line of two or more counties the
jurisdiction is in either county.

**Appeal:** HABEAS CORPUS. A claim on *habeas corpus,* as to a
crime charged to have been committed on the boundary line of
two counties, the crime charged against the petitioner in one
county was that from the crime charged in the indictment
against him in another county cannot be considered on an appeal
by him from the judgment in the *habeas corpus* proceedings, where
the petition recites that the charge in each case was for the same

offense and there is nothing to contradict such recital except a transcript which cannot be considered.

REVIEW. An amended abstract setting out a copy of the indictment returned by the grand jury against the petitioner in *habeas corpus* 3 proceedings is properly before the court, on appeal from the judgment in such proceedings, where it was made a part of the petition by reference and was considered by the trial court

SAME. An amended abstract filed by the appellee in an appeal from 4 a judgment in *habeas corpus* proceedings by one who sets up that he is illegally restrained under an indictment found in one county, because a county having concurrent jurisdiction had previously acquired jurisdiction, which purports to contain a transcript of the proceedings of the latter county, showing a dismissal of the case in such county the day the *habeas corpus* proceedings was heard, cannot be considered where the case was decided on a demurrer to the petition, as such transcript was not before the trial court at the time of the hearing.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, APRIL 7, 1898.

THIS is a *habeas corpus* proceeding, in which plaintiff alleges that he is illegally restrained of his liberty by the defendant, who as sheriff of Keokuk county, is holding him under and by virtue of a bench warrant issued by the district court of Keokuk county. The trial court remanded the petitioner, and he appeals.— *Reversed.*

*Slater & Hunt* for appellant.

*F. L. Goeldner* and *D. W. Hamilton* for appellee.

DEEMER, C. J.—On the twenty-fourth day of November, 1896, appellant was arrested upon a warrant issued by a justice of the peace of Iowa county on the charge of having committed a public offense in Keokuk county, but within five hundred yards of the county line. A hearing was had, and he was bound over to await the action of the grand jury of Iowa county.

Subsequent to this the grand jury of Keokuk county found an indictment against him for the identical offense that he had been held to answer for by the magistrate of Iowa county. A bench warrant issued, and defendant was arrested upon the indictment, and, at the time of filing his petition, was in the custody of the sheriff. He claims that as the committing magistrate of Iowa county first took jurisdiction of the offense, and held him to answer to the grand jury of that county, that the district court of Keokuk county had no jurisdiction of him, or of the offense with which he was charged. Section 4160 of the Code of 1873 provides that "when a public offense is committed on the boundary of two or more counties, or within five hundred yards, the jurisdiction is in either county." Jurisdiction over the person and of the offense, under the showing made in this case, was in either Iowa or Keokuk county. It seems to be well settled, however, that in such cases the county which first acquires jurisdiction of the person by proper proceedings retains that jurisdiction to the end. As said by this court in the case of *Ex parte Baldwin,* 69 Iowa, 502: "The court first obtaining jurisdiction of the person of the accused shall retain it, to the exclusion of the court of the other county, and shall proceed to try the case and administer justice therein." Further it is said: "The court first acquiring authority over the accused, by his arrest, or by otherwise obtaining custody of his person through its officers, first acquires jurisdiction." Application of these familiar rules to the case at bar clearly demonstrates that the courts of Iowa county first acquired jurisdiction; that they should retain it to the end, and to the exclusion of the district court of Keokuk county; and that appellant should not be subjected to the peril of two trials. The question presented arises upon a demurrer to the petition, based upon the

ground that the correctness of the action of the grand jury in finding the indictment cannot be questioned by *habeas corpus* proceedings. Appellee has filed an amended abstract, which purports to contain a transcript of the proceedings of the district court of Iowa county, showing a dismissal of the case in that county on the day that the *habeas corpus* proceeding was heard. As the case was decided upon a demurrer to the petition, this transcript cannot be considered, as it is clear it was not before the trial court at the time this proceeding was heard, and was not a part of the record; so that it could have been considered even if it had been before it.

The amended abstract also sets out a copy of the indictment returned by the grand jury of Keokuk county. This is properly before us, for the reason that it was made a part of the plaintiff's petition by reference, and was undoubtedly considered by the trial court. Appellee's contention that the proceedings in the Iowa county district court were a part of the record, and were incorporated into the petition by reference, is not sustained.

It is further argued in support of the ruling of the trial court that the appellant was held to answer to the grand jury of Iowa county for the crime of an assault with intent to commit a great bodily injury, and was indicted by the grand jury of Keokuk county for the offense of an assault with intent to murder; that the offenses are not the same; and that under the rule announced in *State v. Foster*, 33 Iowa, 525, the district court of Keokuk county had jurisdiction. A sufficient answer to the argument is that it is based upon an erroneous assumption. The petition recites that the charge in each case is for the same offense, and there is nothing to contradict this save the transcript to which we have referred, which cannot be

considered. The court was in error in sustaining the demurrer upon the record before it, and its judgment is REVERSED.