### COMMONWEALTH *vs.* FRANK KELLY.

Suffolk. June 21, 1904. — September 8, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Evidence*, Of conduct of accomplice, In rebuttal.

On a trial for assault and robbery, where two defendants have been indicted jointly but only one is tried, there being evidence that the robbery occurred between half past eight and nine o'clock in the evening of a certain day, and that the absent defendant was an accomplice of the defendant on trial, a witness for the government may testify that the absent defendant lived in his house about two months, that he last saw him in his house between half past nine and ten

o'clock on the evening of the robbery, that he was not alone, and that the voice of the person with him was that of the defendant on trial.

On a trial for assault and robbery, where the person robbed has testified that she recognized the defendant as the person who assaulted and robbed her, and the defendant contends and has introduced evidence to show that when the police officers called on the person robbed about half an hour after the robbery she did not mention the defendant's name, the government after the close of the defendant's evidence may recall the person robbed to testify in rebuttal that she told the officers it was the defendant that night, "right off, as soon as they came."

MORTON, J.   The defendant was indicted jointly with one Bradley for assaulting one Julia Haverson and robbing her of the sum of $18 on December 8, 1903, in the Dorchester District in Boston. Bradley was not on trial and was not used as a witness, and there was no evidence as to where he was at the time of the trial. The defendant was found guilty and the case is here on exceptions by him to the admission of certain evidence. We consider only those exceptions which have been argued, treating the others as waived.

1. One Auffray was called as a witness by the Commonwealth and was allowed to testify, against the objection and subject to the exception of the defendant, that Bradley lived in his, Auffray's, house about two months, that he last saw him on December 8 in his house between half past nine and ten at night, that he was not alone, that he heard the voice of the person who was with him, and that the voice was the voice of the defendant Kelly. Testimony had been previously introduced tending to show that Bradley was an accomplice of the defendant and that the robbery occurred between half past eight and nine in the evening. It is plain, we think, that the evidence that was objected to was rightly admitted. *Commonwealth* v. *McDonald*, 147 Mass. 527.

2. The defendant introduced evidence tending to show that Mrs. Haverson did not mention his name to the police officers who called on her within half an hour or so after the robbery was committed as that of the person who had committed it, though she testified that she recognized him as the person who assaulted and robbed her. At the close of the defendant's evidence the Commonwealth recalled Mrs. Haverson and she was allowed to testify subject to the defendant's exception that she told the officers it was Kelly, that night, right off, as soon as they came, about

nine, or a little after nine.   Counsel for the defendant argued to the jury that she did not mention Kelly's name to any one on the night of the assault as that of the person who assaulted her, manifestly with the purpose of having the jury disbelieve her testimony that she recognized Kelly as the one who committed the robbery.   For the purpose of meeting this argument it was entirely competent for the Commonwealth to show, if it could, as a fact, that she did mention Kelly's name to the officers. Such testimony was not hearsay testimony in any just sense.

*Exceptions overruled.*

*J. B. Moran,* for the defendant.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth.

