PEOPLE *v.* DONALDSON.

1. SEARCHES AND SEIZURES—JUSTICE HAS JURISDICTION TO ISSUE SEARCH WARRANT TO SEARCH PREMISES IN ADJOINING COUNTY WITHIN 100 RODS OF BOUNDARY.

   Under 3 Comp. Laws 1915, § 15606, as re-enacted in Act No. 175, Pub. Acts 1927, chap. 2, § 3, authorizing prosecution and punishment in either county of offenses committed on the boundary or within 100 rods of the dividing line, a justice of the peace has jurisdiction to issue a search warrant for search of premises situated in adjoining county within 100 rods of the boundary, and evidence procured thereby is admissible.

2. SAME—DESCRIBING PREMISES AS SITUATED IN ADJOINING COUNTY DID NOT OUST JUSTICE OF JURISDICTION.

   That a search warrant issued by a justice of the peace described the premises to be searched as situated in a certain township in an adjoining county, did not oust the justice of jurisdiction, where they were located on the county line, since it must necessarily have informed the officer where the premises were located (Act No. 338, Pub. Acts 1917, § 27), to enable him to find them.

Error to Genesee; Brennan (Fred W.), J. Submitted April 12, 1928. (Docket No. 164, Calendar No. 33,505.) Decided June 4, 1928.

Jack Donaldson was convicted of violating the liquor law. Affirmed.

*John L. Roach* and *Harry G. Gault,* for appellant.

*Wilber M. Brucker,* Attorney General, *William R. Roberts,* Prosecuting Attorney, and *Charles D. Beagle,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. On April 11, 1927, a complaint was filed with a justice of the peace of the city of Flint, in

Genesee county, alleging that intoxicating liquor was concealed in the dwelling house occupied by Floyd Rosier, "located as the second house on the east side of the Genesee and Oakland counties line road, north from the Holly road, section 30, township of Holly, county of Oakland." A search warrant was issued by the justice. The return thereto by a deputy sheriff of Genesee county stated that he found certain intoxicating liquors therein.

A complaint was thereafter filed with the said justice of the peace, charging the defendant with unlawfully having such liquor in his possession "at the city of Flint, and in the county aforesaid," on which a warrant issued. Defendant was apprehended, brought before the justice, and bound over to the circuit court of Genesee county for trial. He seasonably filed a petition to suppress the evidence obtained under the search warrant, for the reason, among others, that a justice of the peace of the county of Genesee had no power or authority to issue a warrant for the search of premises situate in Oakland county. The record contains a stipulation, signed by the prosecuting attorney of Genesee county and the defendant's attorney, stating that the premises searched and the liquor seized were in the county of Oakland, but "within 100 rods of the Genesee county line." The motion to suppress was denied, and the liquor seized was afterwards received in evidence. Defendant was convicted and sentenced. He here seeks review by writ of error.

Section 15606, 3 Comp. Laws 1915, reads as follows:

"Any offense committed on the boundary of two counties, or within one hundred rods of the dividing line between them, may be alleged in the indictment to have been committed, and may be prosecuted and punished in either county."

This has long been the law of this State. It appears in the Compiled Laws of 1857 as section 5942.

It has been re-enacted into our new Code of Criminal Procedure (Act No. 175, Pub. Acts 1927, chap. 2, § 3).

In *Bayliss* v. *People,* 46 Mich. 221, the information filed in the circuit court for the county of Shiawassee charged the defendant with having committed adultery at "an hotel in the village of Ovid in Clinton county, within one hundred rods of the dividing line between said county of Clinton and said county of Shiawassee." This court said:

"The statute in express terms authorizes the prosecution and punishment in either county of offenses committed on the boundary or within one hundred rods of the dividing line between two counties. § 7808 (Comp. Laws 1871)."

There is no contention that the defendant could not have been properly convicted under the charge as laid in the complaint and information, although his possession of the liquor was found to have been in the county of Oakland, but within 100 rods of the dividing line between that county and Genesee.

In considering a similar statute, the supreme court of Massachusetts, in *Commonwealth* v. *Costley,* 118 Mass. 1, 25, said:

"The manifest intent and effect of this enactment are that the boundary line between two counties, and a strip one hundred rods wide on each side of that line, may be treated, for the purposes of allegation, prosecution, and punishment, as being in either county; or, in other words, that each county, for these purposes, may be deemed to extend one hundred rods into the county adjoining."

This holding was quoted with approval in *Commonwealth* v. *Matthews,* 167 Mass. 173 (45 N. E. 92). See, also, *State* v. *Stewart,* 60 Wis. 587, 596 (19 N. W. 429, 50 Am. Rep. 388), and *Carter* v. *Barlow,* 105 Iowa, 78 (74 N. W. 745).

If, then, the justice had jurisdiction to issue a

warrant for the apprehension of defendant for an offense committed by him in Oakland county, but within 100 rods of the boundary line of Genesee, might he lawfully issue a search warrant to ascertain whether the law was being violated at such place? The purpose of the search warrant was to obtain facts which would, or would not, justify the issuance of the warrant of arrest. If the jurisdiction of the justice in criminal cases extends over this 100-rod strip, and it seems clear that it does, it would seem to follow that any proceeding deemed necessary in furtherance thereof might also be taken. If the effect of this statute is to extend the boundaries of the county of Genesee 100 rods into the county of Oakland, the courts of Genesee have the same jurisdiction over this strip as though it were actually within its boundaries. If it is to be treated as a part of Genesee county for criminal purposes, it must follow that a justice of the peace who has jurisdiction over all criminal offenses committed in the county has the power and authority to issue search warrants to search any of the premises located therein. Otherwise, the criminal law may not be enforced therein by the courts of Genesee. The fact that the premises to be searched were described as being in the township of Holly, in the county of Oakland, did not oust the justice of jurisdiction. The description must be such as "will enable the officer to find the house or place to be searched" (Act No. 338, Pub. Acts 1917, § 27 [Comp. Laws Supp. 1922, § 7079 (27)]). It must necessarily have informed the officer that the premises were located without the county of Genesee and within the township of Holly, in Oakland county. They were stated in the search warrant to be "the second house on the east side of the Genesee and Oakland counties line road, north from the Holly road, section 30, township of Holly, county of Oakland." A house on the east side of

a road could not well be said to be one situate more than 100 rods distant therefrom. In our opinion, the search warrant was properly issued and the evidence procured thereunder properly admissible as proof in the case.

The judgment is affirmed.

NORTH, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

FEAD, C. J., concurred in the result. POTTER, J., did not sit.