Nov. Term,
1827.

HOLFORD
v.
THE STATE.

---

### HOLFORD v. THE STATE.

Indictment for receiving stolen goods knowing them to be stolen. *Held,* that the time and place, when and where the goods were stolen, need not be stated in the indictment, nor proved at the trial.

ERROR to the *Dearborn* Circuit Court.

SCOTT, J.—*Holford* was indicted in the *Dearborn* Circuit Court for receiving stolen goods; on which indictment there was a verdict of conviction, and judgment. The errors assigned are, that the indictment does not allege any time and place when and where the goods were stolen; and that, on the trial, there was no evidence to prove that the said goods were stolen within the state of *Indiana*.

To test the validity of the errors assigned, it is necessary only to revert to the statute creating the offence. The words of the statute are as follows, to wit, "every person who shall buy or receive stolen goods, knowing the same to be stolen, shall upon conviction be punished," &c. R. C. 1824, p. 140. In an indictment, every material fact ought to be alleged with

Saturday,
November 17.

Nov. Term,
1827.

the certainty of time and place; and every fact is material, which is necessary to constitute the crime charged in the indictment. That the goods mentioned were stolen goods, and that the defendant received them, knowing them to be such, were material facts to be alleged and proved; because they are the facts which constitute the offence: but the time and place of stealing the goods need not be alleged; because the defendant is not charged with the larceny. If it were necessary, by averment and proof, to connect the time and place of the stealing with the act of receiving, it would, for the same reason, be necessary also to connect the same circumstances with his knowledge of the fact, that the goods were stolen. If such were the law, no offender could be convicted, under this statute, without proof, not only of his having received stolen goods, knowing them to be such, but also of his knowledge of the precise time and place of the original larceny. And yet it is easy to conceive a case, in which a man might be guilty of the offence of knowingly receiving stolen goods, without either the offender, or the witnesses, having any knowledge of the time and place of the felonious taking. If these positions be correct, it clearly follows that any evidence which might have arisen in this case, going to show the time and place of the original larceny, was unnecessary to support the charge in the indictment.

*Per Curiam.*—The judgment is affirmed with costs.

*Howard*, for the plaintiff.

*Whitcomb*, for the state.