## COMMONWEALTH vs. GEORGE McKEAN.

The omission in an indictment for uttering a forged order for money to set forth or allege that it bore a United States internal revenue stamp is not a variance of which the defendant can take advantage at the trial, since the St. of 1864, c. 250, § 1.

INDICTMENT for having in possession, and fraudulently uttering as true, a forged order for money, which the indictment purported to set forth by copy according to its tenor, and did not set forth nor allege as stamped with the requisite stamp under the internal revenue laws of the United States.

At the trial in the superior court, before *Morton*, J., the attorney for the government offered in evidence a certain order corresponding in all respects with that set forth by copy in the indictment, except that it bore the requisite stamp. This order and testimony concerning it the judge admitted, notwithstanding the variance, against the objection of the defendant, who was found guilty and alleged exceptions.

*L. W. Howes*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BIGELOW, C. J. The point of variance cannot avail the defendant. The identity of the check or " order for money " offered in testimony at the trial with that set forth in the indictment is evident; and it is described so fully that no prejudice could have been caused to the defendant by the omission to set forth the revenue stamp which is affixed to it.

Without determining whether a revenue stamp can be deemed so far a part of an instrument in writing as to be, within the rule of the common law, essential to its description when it is alleged to be set forth according to its tenor, we are of opinion that the defendant is precluded by the provisions of the statute (St. 1864, *c.* 250, § 1) from availing himself of the alleged defect in the case before us. *Exceptions overruled.*