## COMMONWEALTH *vs.* ARAD F. TERRY.

An indictment for perjury alleged the perjury to have been committed by the defendant's falsely swearing, in answer to questions, that he had never had in his possession a deed purporting to convey any interest in real estate from the heirs of Samuel Holt to Mary Holt. The assignment of perjury was that he had "had in his possession a deed of quitclaim signed and executed by heirs of the said Samuel Holt," "whose names and the number of whom are to the jurors unknown, purporting to convey and conveying to the said Mary Holt," "certain real estate;" "being the farm of which the said Samuel Holt" "died seised and possessed, and on which the said Samuel Holt lived at the time of his decease." The evidence was that he had had in his possession a deed purporting to convey real estate from the heirs of Samuel Holt to Polly Holt; that he knew that Polly Holt was known as Mary Holt, and that she was the person referred to in the questions he answered. *Held,* that, if this were a variance at common law, it was made an immaterial variance by St. 1864, *c.* 250, § 1.

INDICTMENT for perjury for false swearing by the defendant at his examination before the Probate Court for the county of Franklin, for embezzling " certain articles of personal property belonging to the estate of Mary Holt, late of said New Salem, deceased, to wit: One certain deed from the heirs of the estate of Samuel Holt, deceased, to the said Mary Holt, and other notes and mortgage securities belonging to the estate of said Mary Holt."

The indictment alleged "that at and upon said examination certain questions became and were material and were propounded in writing to the said Arad F. Terry, by the order of the court aforesaid, as follows, that is to say : Interrogatory thirty-five. Did you ever see any deed, instrument or paper purporting to convey any interest in any real estate from any person or persons to her, the said Mary Holt? Interrogatory thirty-six. Do you know whether you have or not ? Interrogatory thirty-seven. Do you swear you have not ? Interrogatory thirty-eight. Have you of any kind ? Interrogatory thirty-nine. At any time prior to the death of Mary Holt have you had in your possession any deed, instrument or paper, purporting to convey any interest in real estate from the heirs of Samuel Holt to said Mary Holt ? Interrogatory forty. Since the death of Mary Holt have you had any such deed, paper or instrument in your possession ? And that the said Arad F. Terry being so sworn as aforesaid, and being then and there lawfully required to depose the truth in a proceeding in a court of justice at and upon the said examination at the court aforesaid, then and there falsely, wilfully, voluntarily and corruptly did say, depose and swear, among other things, by answers in writing, signed by him as aforesaid, as follows : To interrogatory number thirty-five he made answer in writing, I should think not. To interrogatory number thirty-six he made answer in writing, Yes, I do know whether I have or not. To interrogatory number thirty-seven he made answer in writing, I have not seen any deed or paper of that kind. To interrogatory number thirty-eight he made answer in writing, I don't remember that I ever have. To interrogatory number thirty-nine he made answer in writing, No. To interrogatory number forty he made answer in writing, No, meaning and thereby intending to depose and deposing that he, the said Arad F. Terry, had never seen any deed, instrument or paper, purporting to convey any interest in any real estate from any person or persons to her, the said Mary Holt, late of New Salem in said county, deceased that he knew whether he had ever seen such a deed, instrument or paper, or not ; that he had not seen any deed, instrument or paper of that kind, or of any such kind · that he had had in

his possession no such deed, instrument or paper, nor any deed, instrument or paper, purporting to convey any interest in real estate from the heirs of Samuel Holt, late of New Salem in said county, deceased, to said Mary Holt, late of New Salem in said county, deceased, either before or after the death of the said late Mary Holt ; whereas in truth and in fact, he, the said Arad F. Terry, had theretofore seen and had in his possession a deed of quitclaim, signed and executed by heirs of the said Samuel Holt, late of said New Salem, deceased, whose names and the number of whom are to the jurors unknown, purporting to convey and conveying to the said Mary Holt, late of said New Salem, deceased, certain real estate situated in said New Salem, and being the farm of which the said late Samuel Holt of said New Salem, deceased, died seised and possessed, and on which the said late Samuel Holt lived at the time of his decease."

At the trial in the Superior Court, before *Allen,* J., the government introduced evidence tending to prove that the defendant made answers in writing as set forth in the indictment; that he had seen and had in his possession a deed purporting to convey certain real estate from the heirs of Samuel Holt to Polly Holt ; that the person named Polly Holt in the deed was the same person named Mary Holt in the indictment; and that the defendant, at the time of making the answers set forth in the indictment, knew that the person named in the deed Polly Holt, was also called and known as Mary Holt, and that she was the person referred to in the interrogatories, but there was no evidence offered to show that the defendant had ever seen or had in his possession a deed purporting to convey real estate from the heirs of Samuel Holt to Mary Holt, otherwise than as above stated.

The defendant contended and requested the court to rule that the evidence offered was insufficient to support the indictment because of the variance between the allegation therein and the evidence.

The court declined to rule as requested, and instructed the jury that the evidence offered, if believed by them, was sufficient to sustain the indictment, if they found that the defendant knew that the interrogatories referred to the deed mentioned in the in-

dictment, and made his answers intending to deceive. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*S. O. Lamb*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J.  The defendant, being lawfully required to depose the truth in a proceeding in the course of justice, gave his testimony, which was reduced to writing, and signed by him.  At the trial his testimony was proved precisely as laid in the indictment, and no question is made that it was upon a matter material to the issue on trial.  The substance of it was, that he had not seen, nor had in his possession, any deed or paper purporting to convey any interest in real estate, from the heirs of Samuel Holt to Mary Holt, late of New Salem, deceased.  The assignment of perjury is as follows, " whereas in truth and in fact, he, the said Arad F. Terry, had theretofore seen and had in his possession a deed of quitclaim, signed and executed by heirs of the said Samuel Holt, late of said New Salem, deceased, whose names and the number of whom are to the jurors unknown, purporting to convey and conveying to the said Mary Holt, late of said New Salem, deceased, certain real estate situated in said New Salem, and being the farm of which the said late Samuel Holt of said New Salem, deceased, died seised and possessed, and on which the said late Samuel Holt lived at the time of his decease."

In proof of this assignment it was shown at the trial that the defendant had in his possession a deed purporting to convey certain real estate from the heirs of Samuel Holt to Polly Holt; that the person named Polly Holt in the deed was the same person named Mary Holt in the indictment, and that the defendant knew this fact.

The defendant's claim that this is a fatal variance cannot be sustained.  The only variance alleged is that the grantee in the deed is described as Polly Holt, instead of Mary Holt, and we therefore assume that the deed proved in all other respects corresponded to the description in the indictment.

This variance, even if it would be fatal at common law, is rendered immaterial by the provisions of St. 1864, *c.* 250, § 1.  The

identity of the deed is evident, and the purport thereof is sufficiently described in the indictment to inform the defendant fully of the deed which was meant, and thus to prevent all prejudice to him from the misdescription. *Commonwealth* v. *Hall*, 97 Mass. 570. *Commonwealth* v. *McKean*, 98 Mass. 9.

*Exceptions overruled.*