## COMMONWEALTH *vs.* JOHN K. HARRIMAN.

Middlesex.    June 26. — July 23, 1879.    MORTON & ENDICOTT, JJ., absent.

At the trial of an indictment on the Gen. Sts. *c.* 161, § 59, charging the defendant with conveying to A. real estate which was then incumbered by a mortgage to B., without disclosing the incumbrance, evidence is admissible in defence that, prior to the conveyance to A., the defendant had an oral agreement with B. that he might convey the land to A., the defendant paying the proceeds to B., the latter at the same time informing the defendant that his mortgage was not recorded; that in fact it was not recorded; and that subsequently, on receiving the consideration for the land, the defendant paid it to B. in accordance with the agreement.

INDICTMENT on the Gen. Sts. *c.* 161, § 59, alleging that the defendant, on May 4, 1875, at Maynard, unlawfully and fraudulently conveyed a certain parcel of real estate for a valuable consideration to John Joice, which was then and there incumbered by a mortgage to Simon Tuttle made by the defendant and dated May 2, 1873, without informing Joice of the existence of the incumbrance before payment of the consideration.

At the trial in the Superior Court, before *Bacon*, J., the government offered in evidence a warranty deed of the real estate in question from the defendant to Joice, dated May 4, 1875, and recorded May 12, 1875; and evidence tending to show that the consideration named in the deed was paid by Joice a few days after the date thereof; and that, at the time of the payment, Joice did not know of any incumbrance thereon, and had no notice of the mortgage hereinafter mentioned from the defend-ant to Simon Tuttle. The government then offered in evidence a mortgage deed of a large parcel of land, including the land described in the deed to Joice, from the defendant to Tuttle, dated May 2, 1873, but not recorded until May 26, 1876, and a note for $1600 of even date with the mortgage, and secured thereby. Tuttle died in April 1876, and the mortgage and note,

bearing sundry indorsements of payments of interest, were in his possession at his decease. A son of Tuttle testified that the defendant paid him one year's interest on the note in May, 1878. There was no evidence as to the capacity or right in which the son of Tuttle held the note and mortgage, nor whether any probate proceedings had been had upon the estate of Tuttle.

Asahel Balcom, the scrivener who wrote the note and mortgage and witnessed the same, testified for the government that he thought no money passed at the time he made the mortgage and note; that the defendant told him that he owed Tuttle for lumber he had bought of him, and this indebtedness formed part of the consideration for the note and mortgage, and the balance of the consideration was to be for lumber thereafter to be bought by the defendant of Tuttle, and for money in the latter's hands for the defendant's use; and that Tuttle was not present during this conversation. On cross-examination, the witness was asked "whether he gave, at the same interview, any advice to the defendant about the effect of this conveyance by mortgage to Tuttle while not recorded," and he answered, "No." He further testified that he gave him no advice as to the lawfulness and validity of the conveyance to Joice, or as to whether there would be any incumbrance upon the land so conveyed to Joice, but did say something about its being an incumbrance upon the estate; that Tuttle had orally agreed with him that he might convey the land to Joice; and that he did not advise either party, but that he measured the land, received the deed, and had it recorded for Joice.

At the close of the evidence for the government, the defendant offered to prove that, prior to the conveyance to Joice, the defendant had an oral agreement from Tuttle that he might convey the land in question to Joice, the defendant paying the proceeds to Tuttle, the latter at the same time informing the defendant that his mortgage was not recorded; that subsequently, on receiving the consideration for the land, the defendant paid it to Tuttle, in accordance with the agreement; and that this conversation and oral agreement and all these facts were made known to Balcom at the time of making the deed to Joice, and his advice asked thereon, and he informed them that under these circumstances the conveyance to Joice would

be legal and proper, and would convey the estate free from incumbrances. Upon this offer being made, the judge asked the defendant whether he proposed to show that Joice had notice or knowledge of any of these facts and circumstances offered in evidence by him, and he answered that he did not; the judge thereupon excluded the evidence so offered; and instructed the jury that, on the question whether there was at the time of the conveyance to Joice an existing incumbrance upon the estate conveyed to him, it was immaterial whether the mortgage to Tuttle was recorded or not.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Hillis*, for the defendant.

*G. Marston*, Attorney General, *& F. H. Gillett*, Assistant Attorney General, for the Commonwealth.

LORD, J. We are not without apprehension that there is some mistake in the statement of the facts in this bill of exceptions. If, however, that be so, the new trial will afford opportunity for correction.

The evidence tendered by the defendant should have been admitted. It tended to show, and if true proved, that, as to the conveyance to Joice, there was no incumbrance, in law or in fact, upon the land by reason of the conveyance to Tuttle. We need not determine whether the statute was made wholly for the benefit of subsequent grantees who take with notice of a former conveyance because of the record; or whether it was made for the protection of a previous grantee who had negligently or otherwise failed to record the conveyance to him; for whichever was the purpose, or if both purposes were in the contemplation of the Legislature, it is apparent that the evidence offered would tend to show that the rights of neither could be prejudiced by the conveyance: not those of Tuttle, for the conveyance was with his knowledge and consent, for his benefit, and he received the purchase money; not those of Joice, for neither in law nor in equity was the deed to Tuttle an incumbrance upon the estate conveyed to him.                              *Exceptions sustained.*