## COMMONWEALTH *vs.* RICE E. SOPER.

Franklin.    Sept. 19. — Oct. 2, 1882.    ENDICOTT, LORD & FIELD, JJ.,
                                   absent.

An indictment for perjury alleged that, on the third day of January, a complaint
    was made before a trial justice against T., charging him with a certain offence;
    that T. was arrested and brought before the justice and an examination had
    upon the complaint on the said third day of January; and that at such exami-
    nation the defendant committed the perjury for which he was indicted.  Upon
    the production of the record of the trial justice, it appeared that the complaint
    against T. was dated on the thirty-first day of December, but that the arrest
    and examination were on the said third day of January following.  *Held*, that,
    under the Pub. Sts. c. 214, § 26, there was no material variance between the
    allegations of the indictment and the proof.

INDICTMENT for perjury.  At the trial in the Superior Court,
before *Knowlton*, J., the jury returned a verdict of guilty; and
the defendant alleged exceptions, which appear in the opinion.

*J. McIlvene*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Common-
wealth.

MORTON, C. J.  The indictment alleges that, on the third
day of January, 1882, a complaint was made before W. liam S.
Dana, a trial justice, against one Thompson, charg. ig said
Thompson with larceny; that Thompson was arrest d and
brought before the justice, and an examination had u on the
complaint on the said third day of January; and that, t such
examination, the defendant committed the perjury for which he
is indicted.  Upon the production of the record of the trial jus-
tice, in support of the indictment, it appeared that the complaint
against Thompson was dated on the thirty-first day of Decem-
ber, 1881, but that the arrest and examination were on the said
third day of January.

The defendant asked the judge to rule that there was a fatal
variance between the allegations and the proofs.  We are of opin-
ion that the judge rightly refused so to rule.

Without discussing the question as to what might be the rule
at common law, it is clear that, under our statutes, there is no
material variance of which the defendant can avail himself.
Pub. Sts. c. 214, § 26.  There is no room to doubt that the

complaint offered in evidence is the same as the one described in the indictment. In the words of the statute, "the identity of the instrument is evident, and the purport thereof is sufficiently described to prevent all prejudice to the defendant."

The variance therefore cannot be deemed material. *Commonwealth* v. *Hall*, 97 Mass. 570. *Commonwealth* v. *McKean*, 98 Mass. 9. *Commonwealth* v. *Hatfield*, 107 Mass. 227.

*Exceptions overruled.*