### COMMONWEALTH *vs.* PATRICK H. SULLIVAN.

Bristol.   Oct. 23. — Dec. 4, 1883.   FIELD & W. ALLEN, JJ., absent.

An indictment for receiving stolen goods, knowing them to have been stolen, need not state the place of the larceny.

COLBURN, J.   This is an indictment for receiving stolen goods, knowing them to have been stolen. The defendant, in support of his motion to quash, relies only upon the omission to state the place of the larceny in the indictment.

" The offence of receiving stolen property is a substantive crime in itself, and not merely accessorial to the principal offence of larceny." *Commonwealth* v. *Barry*, 116 Mass. 1.

It is well settled that, in an indictment for the substantive offence of receiving, it is not necessary to state the place of the larceny.   2 East, P. C. *c.* 16, § 163.   Stark. Crim. Pl. 169. *Holford* v. *State*, 2 Blackf. 103.   The forms of indictment for this offence in common use do not state the place of the larceny.   Archb. Crim. Pl. & Ev. (19th ed.) 472.   Heard Crim. Law (2d ed.) 616.

The defendant urges as an argument for stating the place of the larceny in the indictment, that goods stolen in a foreign country would be stolen goods, though the thief, if he brought them here, could not be convicted here.

But an indictment for larceny, under such circumstances, would usually charge the larceny to have been committed here,

where the thief had the goods in his possession, and whether he had them under such circumstances as to render him liable to conviction would only arise on the evidence; and, on an indictment for receiving, the question whether the goods were stolen goods, within the meaning of the statute, would be raised in the same way. *Exceptions overruled*

*J. W. Cummings & T. F. McDonough,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.