GRACE L. SNOW *vs.* CHARLES D. ADAMS & another, executors.

Middlesex.    November 11, 1908. — November 24, 1908

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Witness,* Impeachment.

In an action by a woman against an executor for compensation for services alleged to have been rendered to the defendant's testator, the plaintiff testified that she took full charge of the testator in the daytime, that one M. took charge of him in the night-time, and that M. sometimes relieved her during the daytime while the plaintiff was marketing for the testator. M., being called by the plaintiff, testified that the plaintiff waited on the testator during the day and took care of him unless it was something she could not do alone, when the witness was called to help her. The defendant then offered to show that M. had said that M. herself did all the work night and day and that nobody else did anything for the testator. The presiding judge excluded the evidence. *Held,* that the exclusion of the evidence was erroneous, as the statement, if made, was inconsistent with the statement made by M. upon the stand in a material matter, and had a bearing upon the degree of credit to be given to her testimony.

CONTRACT against the executors of the will of William H. Goodnow, on an account annexed, for compensation for work and labor alleged to have been performed for the defendant's testator from August 1, 1901, to June 15, 1904, at the rate of $12 a week.    Writ dated August 27, 1906.

The answer was a general denial.    At the trial in the Superior Court before *Lawton,* J., the jury returned a verdict for the plaintiff in the sum of $1,193; and the defendants alleged exceptions to the exclusion by the judge of certain evidence, which was offered by the defendants to contradict the testimony of a witness for the plaintiff as described in the opinion.

*J. J. Higgins,* (*A. A. Gleason* with him,) for the defendants.

*F. D. Allen,* (*L. K. Clark* with him,) for the plaintiff.

HAMMOND, J.    This was an action of contract for work performed for the defendants' testator.    One of the questions in dispute was the value of the labor; and, as bearing upon that, the time spent by the plaintiff in doing the work became material.

The plaintiff testified that she acted as "nurse, companion, errand girl, bookkeeper, and did everything that the testator wished her to do for him; that she entertained him all the

time, and her time was fully occupied; that she assisted him at his meals at the table "; and "that her duties occupied her from the time she got up in the morning until eight o'clock at night." She further testified that "in the evening she played cards with the testator; that she took full charge in the daytime, while one Miss Merritt took charge of him in the night time." On cross-examination she testified that Miss Merritt sometimes relieved her during the daytime, when she (the plaintiff) was marketing for the testator.

This Miss Merritt, being called by the plaintiff, testified that "the plaintiff waited on the testator during the day and took care of him unless it was something she could not do alone when the witness was called to help her." There was evidence tending to contradict the plaintiff's evidence in regard to the physical condition of the testator.

In this state of the evidence counsel for the defendants offered to show by a witness then on the stand that Miss Merritt had said that she (Miss Merritt) did all the work night and day, and that nobody else did anything for the testator. That statement, if made by Miss Merritt, was clearly inconsistent with the statement made by her upon the stand in this case in a material matter, and was admissible, not as evidence of things therein stated, but as bearing upon the degree of credit to be given to her statement upon the stand. It should have been admitted.

*Exceptions sustained.*