COMMONWEALTH *vs.* EDWARD T. BANNON.

Bristol.   November 23, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Larceny. False Pretence. Embezzlement. Conveying encumbered Land without Notice. Mortgage,* Of real estate.

Upon an indictment charging that the defendant "did steal a sum of money of the value of more than One Hundred Dollars of the property of" S, the Commonwealth specified that the allegation rested on the procurement of $3,500 from S by the false statement that a mortgage given therefor was a first mortgage. At the trial, there was evidence that the defendant obtained from S a loan of $3,500 secured by a mortgage of real property which he represented to S was a first mortgage, when in fact the property was subject of record to three prior mortgages. *Held,* that

(1) A finding of guilty was warranted;

(2) The fact that the mortgage ran to S, trustee, and not to S individually, as stated in the specifications, was not a fatal variance;

(3) The offence described in G. L. c. 266, § 80, is distinct from the offence, charged in the indictment and specification, of obtaining money with intent to defraud the grantee by a false pretence or representation that the mortgage given as security is a first mortgage, and did not prevent a conviction;

(4) The positive statement, that the mortgage was a first mortgage, made falsely and designedly by the defendant, whereby S was induced to part with his money, was proof of an intent "to injure or defraud";

(5) An agreement made by the defendant with a third mortgagee, after his mortgage was recorded, whereby, upon a misdescription in the third mortgage being discovered, that mortgagee agreed to accept a new note to be paid when the defendant sold the property, did not

discharge that mortgage, and it therefore properly was admitted as evidence of an encumbrance prior to the mortgage to S.

At the trial of an indictment charging that the defendant "did steal a sum of money of the value of more than One Hundred Dollars of the property of" S, there was evidence that S gave $3,475 to the defendant to be used for S's benefit in the protection of his rights as third mortgagee of certain property on which there was a second mortgage that the defendant said was being foreclosed; that the defendant took the money and afterwards gave to S a statement of account showing $965 due S, and that, although S demanded that sum of him, he did not repay it. *Held,* that

(1) The statement of the account by the defendant was admissible in evidence;

(2) The money having been given to the defendant for a specific purpose, and there being evidence that he was not using it for that purpose, the charge of embezzlement might be found to have been proved, and a verdict of guilty was warranted.

A motion for a new trial of an indictment on the ground that a witness for the Commonwealth in an irresponsive answer characterized the defendant as "a gambler and swindler" who had cheated him, was addressed to the discretion of the trial judge, and an exception to its denial presents no question of law to this court.

INDICTMENT, returned and entered in the Superior Court on February 6, 1924, charging in identical language in each of three counts that the defendant "did steal a sum of money of the value of more than One Hundred Dollars of the property of George B. Schumm."

On February 21, 1924, the district attorney furnished the defendant with a copy of specifications, material portions of which are described in the opinion.

There was a trial in the Superior Court before *Dubuque,* J. The agreement of January 12, 1921, referred to in the opinion, stated: "Schumm is to loan Bannon Thirty-five Hundred Dollars. Bannon is to give him mortgage and note on house 133 Durfee Ct., corner Caroline St. Bannon is to pay 7% for one year, and to pay Schumm a Bonus of $500, just as soon within a year as the City of New Bedford buy said Bannon's land."

Other material evidence is described in the opinion. Motions by the defendant that verdicts be entered in his favor were denied. The defendant asked for the following rulings:

"The Commonwealth must prove beyond a reasonable doubt not only a false pretense, but an intent by use of that false pretense to defraud or deceive."

"The various transactions which form the basis of this indictment must be considered as of the time they were made, and the mere fact that Schumm has not been able to collect his money, does not lend any criminal aspect to the transactions, as a civil liability cannot be changed into a criminal liability because of nonpayment."

The record does not state explicitly that these requests for rulings were refused, but does state as follows: "Full and adequate instructions to the jury were given by the court on every phase of the case including the burden of proof, reasonable doubt, and the presumptions of innocence; and no exception to the charge was taken; but the defendant excepted to the refusal of the court to instruct the jury as requested by the foregoing written requests for rulings."

The defendant was found guilty on both the first count and the third count, and alleged exceptions.

The case was submitted on briefs.

*J. H. Backus, J. A. Scolponetti, & T. H. Mahony,* for the defendant.

*S. P. Hall,* District Attorney, *& E. T. Murphy,* Assistant District Attorney, for the Commonwealth.

BRALEY, J.    While the indictment was in three counts, the defendant was tried and convicted only on the first and third counts, which, respectively, with the specifications, charged larceny by a false pretence and by embezzlement. The defendant moved for, and specifications were filed under each count which as to count one stated, that the allegation of larceny rested on the procurement of $3,500 from George B. Schumm by the false statement that a mortgage given as security therefor was a first mortgage.    The defendant's evidence tended to show his innocence, but the jury on the testimony for the Commonwealth could find on the first count, that the defendant obtained from Schumm a loan of $3,500 secured by a mortgage of real property which he represented to Schumm was a first mortgage, when in fact the property was subject of record to three prior mortgages.

The fact that the mortgage ran to "George B. Schumm Trustee" and not to George B. Schumm individually, as stated in the specifications, is not a fatal variance.    The

essential elements of the crime were stated, and the defendant was not prejudiced. G. L. c. 277, § 35. *Commonwealth* v. *Soper*, 133 Mass. 393. It could be found further that the lending of the money and the representations were one transaction and not distinct and separate acts.

The defendant contends that, because G. L. c. 266, § 80, provides that whoever conveys land knowing that an encumbrance exists thereon, without informing the grantee before the consideration is paid of the existence and nature of such encumbrance so far as he has knowledge thereof, shall be subject to punishment by imprisonment or fine, he cannot be convicted of larceny where he obtains money by a false representation that the land conveyed is free from encumbrances. But under G. L. c. 266, § 80, the statute punishes the perpetrator for failing to disclose if known to him the fact that a prior encumbrance on the property transferred exists, while under G. L. c. 266, § 30, if money is obtained by a false pretense that the property is unencumbered, the offence, if intent to defraud is shown, is larceny. It is plain that the statutory offence of nondisclosure is distinct from the offence of obtaining money with intent to defraud the grantee by a false pretence or representation that the mortgage given as security is a first mortgage. *Commonwealth* v. *Harriman*, 127 Mass. 287, 289.

The positive statement that the mortgage was a first mortgage made falsely and designedly by the defendant whereby Schumm was induced to part with his money was proof of an intent "to injure or defraud." *Commonwealth* v. *Coe*, 115 Mass. 481. *Commonwealth* v. *Lee*, 149 Mass. 179, 184. *Commonwealth* v. *Carver*, 224 Mass. 42.

The mortgage to Schumm was dated January 13, 1921, and the mortgage to one Gaudreau, a third mortgage, was dated December 15, 1919, and was recorded December 15, 1919. But Gaudreau, a witness for the Commonwealth, having testified on cross-examination that after the mortgage was recorded a misdescription of the property was discovered, and Gaudreau under an agreement in writing accepted a new note to be paid when the defendant sold the property, the defendant urges his exception to the admission of this mort-

gage as evidence. It was properly admitted. The giving of a new note was not equivalent on the record to a cancellation or discharge of the mortgage, which still remained an outstanding encumbrance on the title. See *Commonwealth* v. *Harriman, supra.*

The jury also could find that the money was lent upon the mortgage, and that the previous agreement of January 12, 1921, between the defendant and Schumm was only an executory agreement for the loan which was later obtained fraudulently.

As to the third count, if the jury believed Schumm, he gave the defendant $3,475 to be used for Schumm's benefit in the protection of his rights as third mortgagee of certain other real property on which one D. Alfred Roy held a second mortgage that the defendant said was being foreclosed. The money according to the evidence of Schumm was received and held by the defendant "to buy the house, and save something from my mortgage." The statement furnished by the defendant to Schumm showing the application of the money was clearly competent. The jury could find that it showed a balance due Schumm on May 12, 1921, as a result of the sale, with the disbursements, of $965.55, which Schumm testified he often demanded of the defendant, who did not pay it. The defendant engaged as Schumm's agent to use the money for a specific purpose, and if he misappropriated part of it, the charge of embezzlement was proved. *Commonwealth* v. *King,* 202 Mass. 379, 391.

The defendant's motions for directed verdicts, and his request that verdicts of not guilty be returned under each count were denied rightly.

The remaining requests were pertinent, and the defendant was entitled to have the jury in some form so instructed. The judge however was not required to rule in the language requested, and as the record states that "full and adequate instructions to the jury were given . . . on every phase of the case," and no exceptions were taken, it must be assumed that the rights of the defendant were fully protected. *Coyne* v. *Maniatty,* 235 Mass. 181.

A motion for a new trial was overruled, and the only ex-

ception relied on is, that it should have been granted because of the irresponsive answer of Schumm as a witness characterizing the defendant as "a gambler and swindler" who had cheated him. But at the defendant's request the judge immediately ordered the answer stricken out, and instructed the jury to disregard it. The granting of a new trial therefore was discretionary, and its denial presents no question of law. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24.

We find no reversible error, and the entry must be,

*Exceptions overruled.*