## COMMONWEALTH *vs.* JACK GROSSMAN.

Worcester.   September 26, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Receiving Stolen Goods.*  *Witness,*  Cross-examination, Impeachment.
*Evidence,* Competency.

It is not necessary to a conviction under an indictment charging the de-
fendant with buying, receiving and aiding in the concealment of stolen
goods, knowing them to have been stolen, that it be proved that the
defendant received the goods from the person who stole them.

At the trial of an indictment in two counts returned on August 17 charging
that the defendant on June 30 and on July 4 bought, received, or aided
in the concealment of stolen cigars, knowing them to have been stolen,
a witness, called by the defendant, testified that the defendant's reputa-
tion for honesty and fair dealing was excellent.   On cross-examination
he denied he had told a certain police lieutenant that the defendant
shortly after July 4 had asked him the price of cigars of the same brand
as those stolen; and also denied that he had told a certain police officer
on July 13 in the store from which the cigars were stolen "that it looked
bad for" the defendant.   *Held*, that

(1) It was proper to admit further testimony of the witness in cross-
examination that the defendant was indebted to his [the witness's]
company to the extent of $3,000, such evidence bearing upon the credit
to be given to the witness's testimony on his direct examination;

(2) It was proper to permit the police lieutenant to testify that the
witness told him that the defendant had asked the witness the price of
cigars of the brand in question shortly after July 4, and to permit the
police officer to testify that the witness, on July 13, in the office of the
owner of the cigars and in the absence of the defendant, had said "it
looked bad for" the defendant, the jury in each instance being in-
structed by the judge that such testimony was not evidence of the guilt
or innocence of the defendant, but was competent only to impeach the
credibility of the defendant's witness.

INDICTMENT in two counts, found and returned on August
17, 1927, charging that the defendant on June 30, and on
July 4, 1927, did "buy, receive and aid in the concealment
of" cigars, the property of "William H. Bachellor Co.,
Inc.," then lately before stolen, well knowing them to have
been stolen.

In the Superior Court, the indictment was tried before
*Thayer*, J.  Material evidence and exceptions saved by the
defendant are stated in the opinion.

Besides the testimony by the defendant's witness McIsaac,
stated in the opinion, he testified in cross-examination that
he never told Lieutenant McCarthy that the defendant,
shortly after July 4, had asked him, McIsaac, the price of
"Sagamore" cigars; and that he had not told Officer O'Leary
on July 13, 1927, in the store of William H. Bachellor
Co. Inc. that it looked bad for Grossman.   Lieutenant
McCarthy and Officer O'Leary testified after McIsaac.   Mc-
Carthy testified that McIsaac had told him that the de-
fendant had asked McIsaac the price of "Sagamore" cigars
shortly after July 4.   O'Leary testified that on July 13, 1927,

in the office of the William H. Bachellor Co. Inc. in the absence of the defendant, McIsaac had said it looked bad for Grossman.

The defendant was found guilty and alleged exceptions.

*J. H. Meagher, E. Zaeder, & J. L. Bianchi,* for the defendant, submitted a brief.

*C. B. Rugg,* District Attorney, for the Commonwealth.

CROSBY, J.  The defendant was convicted on an indictment charging him in two counts with having received stolen cigars.

It is not disputed by the defendant that one John Guthrie broke and entered the cigar factory of William H. Bachellor Co. Inc., and stole the cigars described in the first and second counts of the indictment; that he concealed them, and, after the cigars mentioned in the first count had been stolen, he had a conversation with his brother, Thomas Guthrie; and the latter testified that he had a conversation with John and removed the cigars from the place where they had been secreted to the cellar of his house and afterwards sold them to the defendant at his (the defendant's) store.  It is also undisputed that, after the cigars above referred to were stolen, John Guthrie again broke and entered the same factory and stole the cigars described in the second count of the indictment; that he secreted these cigars.  Thomas Guthrie testified that after these cigars had been stolen he had a conference with his brother John and thereafter he, John and one Barck went in the latter's automobile to the place where the cigars had been secreted; that they placed them in the automobile which was driven to a place near the defendant's store and the cigars were sold by Thomas Guthrie to the defendant.  There was evidence that all the cigars were sold to the defendant for much less than they were worth.  He testified he knew the real value of some of them, but denied that he had purchased them.  At the close of the testimony the defendant presented a motion that the judge direct the jury to return a verdict of not guilty.  This motion was denied.

It is the contention of the defendant that to sustain a charge of receiving stolen goods it must appear that they

were received from the person who stole them.   This contention is without merit.   The offence charged in the indictment is set forth in G. L. c. 266, § 60, and so far as pertinent to the question raised provides that "Whoever buys, receives or aids in the concealment of stolen . . . property, knowing it to have been stolen . . . shall be punished . . . ."   The offence described in the statute is not the receiving of stolen property from any particular person, but is that of buying or receiving such property knowing it to have been stolen.   The name of the thief need not be alleged or proved.   If the goods were in fact stolen and the defendant received them, no matter from whom, knowing them to have been stolen, the offence charged in the indictment was proved, *Commonwealth* v. *Slate,* 11 Gray, 60, 63.   *Commonwealth* v. *Hogan,* 121 Mass. 373.   *State* v. *Feuerhaken,* 96 Iowa, 299, 302.   *State* v. *Alderman,* 83 Conn. 597.   *Kirby* v. *United States,* 174 U. S. 47, 62, 63.   *Rex* v. *Jervis,* 6 C. & P. 156.

One McIsaac, called by the defendant, testified that the reputation of the latter for honesty and fair dealing was excellent.   On cross-examination he testified, subject to the defendant's exception, that the defendant was indebted to his company to the extent of $3,000.   This evidence was competent to be considered as bearing upon the credit to be given to his testimony on his direct examination.

One McCarthy, a lieutenant of police, testified, subject to the defendant's exception, that McIsaac told him that the defendant had asked him (McIsaac) the price of Sagamore cigars shortly after cigars of that brand were alleged to have been purchased by the defendant from Thomas Guthrie. The jury were instructed that this testimony was not evidence of the guilt or innocence of the defendant, but was competent only to impeach the credibility of McIsaac.   The ruling was correct.   *Robinson* v. *Old Colony Street Railway,* 189 Mass. 594, 596.   *Coolidge* v. *Boston Elevated Railway,* 214 Mass. 568.   *Quinn* v. *Standard Oil Co. of New York,* 249 Mass. 194, 203, 204.

One O'Leary, a police officer, testified, subject to the defendant's exception, that after the alleged crimes had been committed, McIsaac said "it looked bad for Grossman."

This evidence was properly admitted by the trial judge who ruled that it had no effect on the guilt or innocence of the defendant, but was admissible only to impeach McIsaac's testimony given on direct examination. This evidence was competent for the purpose for which it was admitted; it might have been found by the jury to affect the weight of McIsaac's testimony given on direct examination. Reasonable cross-examination is permissible for the purpose of discrediting other testimony of a witness. *Snow* v. *Adams*, 200 Mass. 251. *Gardner* v. *Boston Elevated Railway*, 204 Mass. 213, 217. *Commonwealth* v. *Russ*, 232 Mass. 58, 81.

No error of law appears in the conduct of the trial.

*Exceptions overruled.*