COMMONWEALTH *vs.* ISADORE OSMAN.

SAME *vs.* SAME.

Essex.     January 7, 1935. — February 2, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Hearsay.   *Witness*, Cross-examination.

At the trial of indictments against the superintendent of a factory for aiding, counselling and procuring the burning of the factory, with intent to defraud insurers, and for conspiracy at common law to cause the factory to be burned, the defendant in his testimony contradicted testimony, by the one who had burned the factory, to the effect that shortly before the fire he had arranged with the defendant that the defendant should procure alcohol, and denied ordering any alcohol at that time. In cross-examination of the defendant, the district attorney showed him a paper dated a few days before the fire, and, subject to his exception, elicited from him the admission that the paper appeared to be an invoice for alcohol which had come to the

factory. The question about the contents of the paper was not asked for the purpose of refreshing the memory of the defendant with respect to the purchase of alcohol, but for the purpose of getting in evidence such contents. *Held*, that

(1) The recitals in the invoice were mere hearsay evidence that alcohol had been ordered and had been received at the factory shortly before the fire;

(2) It was error, prejudicial to the defendant, to permit the testimony of the one who had burned the factory to be corroborated by such hearsay evidence;

(3) The defendant's exception must be sustained.

Two INDICTMENTS, found and returned on September 14, 1934, described in the opinion.

The indictments were tried together in the Superior Court before *T. J. Hammond*, J. There was a verdict of guilty on each indictment. The defendant alleged exceptions.

*R. L. Sisk*, for the defendant.

*C. H. Green*, Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The defendant, the superintendent of the leather factory of Amdur-Limon Tanning Co., Inc., was indicted with others for aiding, counselling and procuring the burning of the factory, with intent to defraud insurers, and for conspiracy at common law to cause the factory to be burned. He was convicted of both offences.

One Hambrecht testified that he was employed by one Shaub to burn the factory, and was told to see the defendant, who was the superintendent; that he went to the factory, and told the defendant that Shaub had sent him; that the defendant gave him a job, at which he worked for three weeks before the fire; that a few days before the fire he told the defendant to order for him a drum of alcohol and to get some alcohol in five-gallon cans; that soon afterwards the defendant told him that the alcohol had arrived and that he had better place it where he wanted it; that on the afternoon of the fire the defendant helped him carry the alcohol upstairs; that later in the evening, when alone, he tipped over the alcohol and set it afire.

The defendant, in his testimony, denied any talk with Hambrecht about alcohol, and denied ordering any alcohol

shortly before the fire, saying that there was always alcohol at the factory. In cross-examination, the district attorney showed him two invoices, dated a few days before the fire, and, subject to exception by the defendant's counsel, elicited the admissions that, although the defendant had nothing to do with the office work, the papers appeared to be invoices that had come to the factory and thence had been sent to the New York office, and that one invoice appeared to be for one drum of alcohol and the other for twenty gallons of alcohol. He denied that the signature "Osman" on one of them, was his.

The questions were not asked for the purpose of refreshing the memory of the defendant as a witness, with respect to the purchase of alcohol. *Smith* v. *Plant,* 216 Mass. 91, 104, 105. See also *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550. The judge himself declared that the purpose was to get in the contents of the invoices. The effect of such contents was to lead to the conclusion that alcohol had been ordered and received at the factory shortly before the fire, and thus to corroborate the testimony of Hambrecht. The defendant admitted no such fact, but only that the invoices purported to show it. The only proof of the fact was the hearsay assertion in the invoices of some third person not produced to testify. *Commonwealth* v. *Kosior,* 280 Mass. 418, 422. The admission of the evidence was error.

A serious question is presented by the exception of the defendant to the refusal of the judge to interfere with or correct certain arguments made by the district attorney. But since the exceptions must be sustained on the ground already stated, and the question is not likely to arise at another trial, we need not consider it.

*Exceptions sustained.*