COMMONWEALTH *vs.* NICHOLAS PARROTTA.

Middlesex.    May 1, 1944. — June 1, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Pleading, Criminal,* Indictment. *Practice, Criminal,* Variance; Venue; Amendment; Requests, rulings and instructions; Ordering verdict. *Receiving Stolen Goods. Witness,* Refreshment of recollection. *Evidence,* Refreshment of witness's recollection, Competency, Of identity.

An allegation of the place of receiving stolen goods is not necessary to the description of the crime in an indictment for that offence; such an allegation relates only to venue.

In the circumstances, a defendant was not prejudiced, within G. L. (Ter. Ed.) c. 277, § 35, in his defence of an indictment for receiving stolen goods by a variance between the indictment and the proof as to the place of receiving, nor was he prejudiced within § 35A by the allowance of an amendment to the indictment to make it conform to the proof in that particular.

Technical impropriety in allowing a witness to state the contents of a record which he was using to refresh his recollection was cured by his subsequent testimony in substance that the record gave him "a clear recollection" of the facts previously stated from it.

Lack of positive identification of an article admitted in evidence at a criminal trial did not affect its competency but only the weight to be accorded it as evidence, and no error was shown in its admission.

A motion, not a request for ruling, is the proper method by which to raise the question whether the defendant at a criminal trial is entitled to have the jury ordered to render a verdict of not guilty.

INDICTMENT, found and returned on January 3, 1944.

The case was tried before *Good,* J. The defendant was convicted, and alleged exceptions.

*H. F. Callahan,* (*F. R. Breath* with him,) for the defendant.

*A. W. Wunderly,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of violation of G. L. (Ter. Ed.) c. 266, § 60, on an indictment reading as follows: "Commonwealth of Massachusetts. Middlesex, ss. . . . The Jurors . . . on their oath present, That Nicholas Parrotta on the twenty-fourth day of October in the year of our Lord one thousand nine hundred and forty-three at Groton, in the County of Middlesex aforesaid, ten cases of liquor of the value of more than one hundred dollars the property of Boots and Saddle Incorporated, a corporation legally established and existing, then lately before stolen, did buy, receive or aid in the concealment of, *at Chelsea, in the County of Suffolk,* the said Nicholas Parrotta well knowing the said property to have been stolen as aforesaid." The words in italics were added by amendment at the close of the evidence following denial of the defendant's motion for a directed verdict of not guilty by reason of a variance. The evidence tended to show that Groton was the place of the larceny, and that Chelsea was the place of the receiving.

1. The defendant excepted both to the denial of his motion and to the allowance of the amendment. He contended that there was a variance because the indictment charged receiving in Groton in the county of Middlesex whereas the proof showed receiving in Chelsea in the county of Suffolk. No error is presented. We agree with the defendant and not with the Commonwealth to the extent that the indictment alleged Groton as the place of receiving and not as the place of the stealing. Nevertheless an allegation of the place of stealing was not essential to the crime charged. "It is well settled that, in an indictment for the substantive offence of receiving, it is not necessary to state the place of the larceny. . . . The forms of indictment for this offence in common use do not state the place of the larceny." *Commonwealth* v. *Sullivan,* 136 Mass. 170. Wharton's Criminal Procedure (10th ed.) § 1171. See G. L. (Ter. Ed.) c. 277, § 79. An allegation as to the place of receiving likewise was not necessary to the description of the crime. An unnecessary allegation, as here, of place, did not have to be

proved as laid. See *Commonwealth* v. *Clancy*, 261 Mass. 345, 347; *Commonwealth* v. *Baxter*, 267 Mass. 591, 594; *Commonwealth* v. *McMenimon*, 295 Mass. 467, 471; G. L. (Ter. Ed.) c. 277, § 33. "An offence having no essential connection with the place in which it is committed, like a common assault or a simple larceny, though charged to have been committed in a particular town, may be proved to have been committed anywhere within the county." *Commonwealth* v. *Heffron*, 102 Mass. 148, 150. It was well settled at common law that had the evidence shown that the receiving took place anywhere in Middlesex County, the defendant could not have been acquitted on the ground of variance. See *Commonwealth* v. *Tolliver*, 8 Gray, 386; *Commonwealth* v. *Creed*, 8 Gray, 387; *Commonwealth* v. *Lavery*, 101 Mass. 207, 208; *Commonwealth* v. *Kern*, 147 Mass. 595, 596; *Commonwealth* v. *Ryan*, 160 Mass. 172, 173–174; *Commonwealth* v. *Matthews*, 167 Mass. 173, 174; *Ledbetter* v. *United States*, 170 U. S. 606, 613–614. Compare *Commonwealth* v. *Pray*, 13 Pick. 359, 361. It is now provided in G. L. (Ter. Ed.) c. 277, § 35, "A defendant shall not be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence. He shall not be acquitted by reason of . . . failure to prove unnecessary allegations in the description of the crime or any other immaterial mistake in the indictment."

The defendant argues that the original indictment gave him notice that he was charged with having committed a crime within the territorial jurisdiction of the court, in this case the Superior Court sitting in Middlesex County, and that when proof was made, he was in fact charged with having committed a crime in Suffolk County. He relies on G. L. (Ter. Ed.) c. 277, § 20, which reads: "The time and place of the commission of the crime need not be alleged unless it is an essential element thereof. . . . The name of the county and court in the caption shall, unless otherwise stated, be considered as an allegation that the act was committed within the territorial jurisdiction of the court. All

allegations of the indictment shall, unless otherwise stated, be considered to refer to the same time and place." But the unnecessary allegation of place in the original indictment gave notice not of one of the essential elements of the crime of receiving, all of which were correctly stated, but gave notice of the fact that the offence was one which the court was empowered to try. The proof of the place of the commission of a crime not local in character is necessary only to show the territorial jurisdiction of the court. *Commonwealth* v. *Snell*, 189 Mass. 12, 17. *Commonwealth* v. *Howard*, 205 Mass. 128, 144. *Commonwealth* v. *Clancy*, 261 Mass. 345. It follows that the allegation of the place of receiving, whether specifically Groton, or, under the caption, Middlesex County generally, when properly analyzed, gives rise to no question of variance, but relates to territorial jurisdiction or venue. See *Commonwealth* v. *Mannos*, 311 Mass. 94, 103; *Paige* v. *Sinclair*, 237 Mass. 482. The defendant's contention, therefore, does not impugn the jurisdiction of the court, but relates to this narrower question. It involves the distinction between the power of the court to decide an indictment and to declare a judgment on the one hand and the selection of the county where such indictment is to be tried and determined on the other. The choice of county to try an indictment concerns merely where the prosecution must be had and does not pertain to the power of the court. See *McDonough* v. *United States*, 299 Fed. 30, 40.

The Superior Court has "original jurisdiction of all crimes." G. L. (Ter. Ed.) c. 212, § 6. "The Superior Court is a court of original and general jurisdiction. It possesses the inherent powers of such a court under the common law, unless expressly limited, as well as those conferred by statute." *Commonwealth* v. *Kemp*, 254 Mass. 190, 192.

Even if the defendant be regarded as having raised the question of jurisdiction by his exception to the denial of his motion to direct a verdict by reason of a variance or by his exception to the allowance of the amendment, he has no valid objection on this ground. Whatever limitation there may have been to the territorial jurisdiction of the court in the trial and prosecution of the crime of receiving stolen

goods under G. L. (Ter. Ed.) c. 266, § 60, that jurisdiction has been extended by G. L. (Ter. Ed.) c. 277, § 58A, as inserted by St. 1943, c. 311,[1] which now provides that such crime may be prosecuted and punished in the same jurisdiction in which the larceny of any property involved in the crime may be prosecuted and punished. The effect of this statute is substantially similar to that of other statutes, some of which have been in force for nearly a century and a half, extending the territorial jurisdiction of the court. See G. L. (Ter. Ed.) c. 277, §§ 57, 57A, 59, 60, 61; c. 265, § 24A; c. 273, § 2, as most recently amended by St. 1943, c. 87; c. 273, § 11. See also *Commonwealth* v. *Macloon*, 101 Mass. 1; *Commonwealth* v. *Dorr*, 216 Mass. 314; *Commonwealth* v. *Knowlton*, 265 Mass. 382; *Commonwealth* v. *Baxter*, 267 Mass. 591; *Commonwealth* v. *Mannos*, 311 Mass. 94. In the circumstances of this case, where the stealing was in Middlesex County, the receiving in Chelsea in the county of Suffolk was by virtue of St. 1943, c. 311, within the territorial jurisdiction of the Superior Court sitting in Middlesex County, and the omission of the statute to provide that the crime "may be alleged to have been committed"[2] in Middlesex County is of no consequence.

It remains to be considered whether the defendant was prejudiced within the meaning of G. L. (Ter. Ed.) c. 277, §§ 35, 35A. We are of opinion that he was not. The place of the crime was within the territorial jurisdiction of the court. The indictment at all times sufficiently apprised the defendant of the stolen property which he was charged with receiving, and the proof tended to show its receipt, and later its sale in the usual course of business at Alpine Lodge, a café in Chelsea with which he was connected and for which he purchased liquor. *Commonwealth* v. *Terry*, 114 Mass. 263, 266–267. *Commonwealth* v. *Soper*, 133 Mass. 393. *Commonwealth* v. *Graustein & Co.* 209 Mass. 38, 41–42. *Commonwealth* v. *Bannon*, 254 Mass. 320, 322–323. The amendment made no change in any of the essential ingredients in the description of the offence as originally charged.

---

[1] This statute was effective on October 1, 1943. — REPORTER.
[2] See G. L. (Ter. Ed.) c. 277, §§ 57, 59; c. 265, § 24A.

This case is not like *Commonwealth* v. *Coyne*, 207 Mass. 21, where the defendant was charged with one offence and the evidence proved two offences. Here only one offence was charged, and one only was proved. It is also distinguishable from *Commonwealth* v. *Snow*, 269 Mass. 598, 606, and similar cases where the amendment was not of form but changed the substantive offence charged.

2. Another exception of the defendant relates to the admission of certain testimony of one Martocci, called as a witness for the Commonwealth. After testifying that he was a shipper for Crane, Tone and Baldwin, wholesale liquor dealers in Worcester, and that he had a record of a shipment with him, but did not remember it, he was asked, "Do you find on the record that a shipment of liquor was made to Boots and Saddles, Incorporated, on August 4, 1943?" Subject to the defendant's exception he answered, "Yes." He was then asked, "Do you find on the record that eleven cases of liquor were shipped to Boots and Saddles on that date, ten cases of Libre rum and one case of Old Crow?" The defendant again excepted, and the witness answered, "Yes." This was not a technically correct method of refreshing recollection. *Commonwealth* v. *Perry*, 248 Mass. 19, 29–30. *Commonwealth* v. *Osman*, 289 Mass. 388, 390. It introduced in evidence the contents of the record and not the recollection of the witness. On cross-examination, however, Martocci testified, "This invoice tells me the date of shipment and to whom made; it makes me sure I made the shipment; I have a clear recollection; I know I made it." This new testimony elicited by the defendant rendered the ruling harmless. The original ruling had not become the law of the trial, as contended by the defendant, and did not preclude the admission of other competent evidence of the facts even on cross-examination of the same witness. Moreover, much of this evidence had already been admitted without objection. One Hanifan, the proprietor of Boots and Saddles, Incorporated, testified that "he had purchased in August, 1943, from the firm of Crane, Tone & Baldwin, wholesale liquor dealers in Worcester, ten cartons of rum and one carton of Overholt." This

exception must be overruled. *Commonwealth* v. *Capalbo,* 308 Mass. 376, 383. *Commonwealth* v. *Mannos,* 311 Mass. 94, 115. *Abele* v. *Dietz,* 312 Mass. 685, 690–691. See *Ryder* v. *Board of Health of Lexington,* 273 Mass. 177, 179; *Bendett* v. *Bendett,* 315 Mass. 59, 65.

3. The defendant excepted to the admission in evidence of an empty Libre rum carton bearing the marking "B. S." in crayon which was found by the police on the premises of Alpine Lodge. There was evidence that on that day there were several cartons marked "Libre rum" and one empty carton marked "Boots and Saddles" in the cellar. The proprietor of Boots and Saddles, Incorporated, had testified that the rum he had purchased from Crane, Tone and Baldwin was marked in crayon "B. S." The shipper from Crane, Tone and Baldwin, during whose testimony the carton was admitted in evidence, testified that sometimes on shipments to Boots and Saddles, Incorporated, the cartons were marked "B. S."; that he could not say who wrote "B. S." on this particular carton; and that he would not know by looking at it that it came from his place of business. There was no error in admitting the carton. The lack of positive identification affects not the competency but the weight of the evidence, and the issue of identity was for the consideration of the jury. *Commonwealth* v. *Slate,* 11 Gray, 60, 64. *Commonwealth* v. *Mullen,* 150 Mass. 394, 398. *State* v. *Small,* 78 N. H. 525, 529. *McKibben* v. *State,* 187 Ga. 651. Wharton's Criminal Evidence (11th ed.) 762.

4. The defendant's one request for a ruling which was denied was in effect for a directed verdict of not guilty. This could be done only by motion. Rule 71 of the Superior Court (1932). *Commonwealth* v. *Velleco,* 272 Mass. 94, 99. *Commonwealth* v. *Coshnear,* 289 Mass. 516, 528. *Commonwealth* v. *McMenimon,* 295 Mass. 467, 471. In any event on the merits no error was shown. See *Commonwealth* v. *Kronick,* 196 Mass. 286; *Commonwealth* v. *Peopcik,* 251 Mass. 369; *Commonwealth* v. *Grossman,* 261 Mass. 68.

*Exceptions overruled.*