## COMMONWEALTH *vs.* SAMUEL CARVER.

Suffolk.    March 21, 1916. — May 15, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Practice, Criminal,* Exceptions, Appeal, Trial together of two indictments against same defendant.   *Larceny,* By false pretences.   *Evidence,* Relevancy and materiality, Competency.   *Pleading, Criminal,* Indictment.

Where, after the trial of an indictment and the return of a verdict of guilty, no sentence is imposed and stayed under R. L. c. 220, § 3, and no report is made by the presiding judge under R. L. c. 219, § 34, exceptions saved by the defendant at the trial cannot be brought before this court by a bill of exceptions.

Where, at the trial of an indictment for larceny, there is evidence tending to show that the defendant represented to one, from whom he was seeking a loan of money on a promissory note, that persons whose names were on the note as maker and indorsers were of good standing, that the representations were believed and were false, that the names were written upon the note by the defendant himself and that the money was paid to the defendant and would not have been paid but for the misrepresentations, a finding is warranted that the defendant procured the money by false pretences, which is larceny within the provisions of R. L. c. 208, § 26; St. 1910, c. 378, § 2.

Where at the trial of an indictment for larceny, the Commonwealth contends and introduces evidence tending to show that the defendant procured money from the complaining witness by false representations as to the good standing of persons whose names were on a certain promissory note as maker and indorsers and by imitating their handwriting, and the question, whether the witness relied on the representations or relied only on the signature of the defendant as an indorser, was material, and after the witness in cross-examination has testified in effect that he did not make up his mind to make any loan until the defendant signed the note, the witness may be asked in redirect examination, "whether or not you would have parted with your money . . . if" the defendant "had not made the representations to you," the subject matter of the inquiry being material and the form of question being permissible within the discretion of the presiding judge.

Where, at such trial, the defendant admits that all the handwriting on the note is his own, but contends that he was authorized by the persons whose names were thereon to use their names, evidence is admissible to show that the defendant attempted to imitate the handwriting of such persons, such evidence being competent to show a guilty purpose to deceive and defraud, and therefore being relevant.

In the same case it was *held,* that one of the persons whose name was on the note was a competent witness to testify as to whether the signature purporting to be his looked like his handwriting.

Under R. L. c. 218, §§ 38, 67, an indictment charging that the defendant "did steal money" is a sufficient indictment for larceny by false pretences.

*Whether* one, who is the defendant in two indictments, one charging the forging
and uttering of a promissory note and the other the larceny of money, where it
appears that the money alleged to have been stolen was procured by false repre-
sentations as to the good standing and signatures of persons whose names were
written upon the note by the defendant, is entitled to a separate trial on each
indictment, was not decided in the present case, where it appeared that the de-
fendant consented to be tried on both indictments at one trial.

Two INDICTMENTS, found and returned on March 6, 1915, the
first charging the defendant in two counts with forging a promis-
sory note and the second charging that he "did steal money," in
amount $925, "one piece of paper" of that value, "of the property
of one Hyman Slessinger."

The defendant consented to be tried on both indictments at one
trial, and was tried before *Irwin,* J.

There was evidence tending to show that Slessinger gave the
defendant $925, being induced to do so by representations of the
defendant as to the good standing of the persons purporting to
be the signers, other than himself, of the following promissory
note:

"$2000.00                          Boston, July 21, 1914.

Three months after date I promise to pay to the order of
Louis W. Reycroft Two Thousand 1/100 Dollars.   Payable at
any bank in Boston.

Value received.                    James F. Kennedy
                                   P. O. Box 1113, Boston.

(On back)
          Waiving demand and notice
                    Louis W. Reycroft
                    Joseph P. Logue
                    Samuel Carver."

The defendant admitted that all the handwriting and signa-
tures upon the note were in his handwriting.

Slessinger, in cross-examination, testified that he had seen the
defendant frequently and knew he was a lawyer for eight or ten
years and did not make up his mind to make any loan until the
defendant signed the note.   In redirect examination, subject to
an exception of the defendant "to both the form and the sub-
stance," he was asked "whether or not you would have parted
with your money or drawn this check to Carver if he had not

made the representations to you that Kennedy was good, that Reycroft was good, that Logue was good, and that it was a perfectly good note?" He answered "I would not."

Other material evidence is described in the opinion. At the close of the evidence, the defendant asked the judge to order a verdict of not guilty on each count of the indictments. The judge refused so to do and the jury found the defendant guilty on both indictments. The defendant alleged exceptions.

On the indictment for forging and uttering, no sentence was imposed.

On the indictment for larceny, after exceptions were alleged by the defendant, the defendant was sentenced to the House of Correction at Deer Island for one year, and, on motion of the defendant, the presiding judge ordered that execution of the sentence be stayed until further order of the court. Thereafter the defendant appealed from the sentence, and his exceptions then were allowed.

*J. C. Johnston*, for the defendant.

*D. V. McIsaac*, Assistant District Attorney, for the Commonwealth.

DE COURCY, J. The defendant consented to a single trial upon the two indictments, the first charging him with forging and uttering a promissory note, and the second with the larceny of $925. He was found guilty on both indictments, but no sentence was imposed on the one which charged forgery and uttering. The reason for this presumably is that stated in the defendant's appeal, namely, that this case was placed on file. As questions of law arising in the trial of the forgery charge have not been reported under R. L. c. 219, § 34, and no sentence has been imposed and stayed under R. L. c. 220, § 3, the exceptions taken in that case are not properly before us. There has been merely a suspension of active proceedings in the case, and as yet no final disposition. Unless and until the prosecuting attorney shall move for sentence there is no occasion to pass upon the conduct of the forgery trial. See *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133; *Marks* v. *Wentworth*, 199 Mass. 44.

The judge rightly refused to direct a verdict of not guilty on the larceny indictment. Larceny, as defined by our statutes, includes the obtaining of personal property by criminal, false

pretences. R. L. c. 208, § 26; c. 218, § 38. St. 1910, c. 378, § 2. There was evidence for the jury that the defendant obtained the money of Slessinger by false statements as to the good standing of the alleged maker and indorsers of the note, and by his simulation of their handwriting: and Slessinger testified that he would not have parted with his money but for those misrepresentations. *Commonwealth* v. *Coe,* 115 Mass. 481. *Dexter* v. *Fuller,* 217 Mass. 219.

As to the exceptions to evidence: The question as to Slessinger's reliance upon the false representations was material in substance, and its leading form was allowable in the discretion of the presiding judge. *Comstock* v. *Livingston,* 210 Mass. 581. *Gray* v. *Kelley,* 190 Mass. 184. The testimony of Logue, that the indorsement "Joseph P. Logue" looked like his handwriting, plainly was competent on the forgery indictment. And in view of the defendant's contention that he was authorized to use the names of these parties on notes, the evidence that he sought to imitate their handwriting, which was indicative of guilt, was relevant to show intent to defraud in the larceny case. The witness could be found competent to express an opinion as to whether the signature was his own or an imitation. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133.

The appeal calls for little beyond what already has been said. The indictment was in accordance with the form prescribed by the statute R. L. c. 218, § 67. It charged but a single offence. *Commonwealth* v. *Parker,* 165 Mass. 526. Even if the defendant had a right to have the larceny and forgery cases tried separately, (see *Commonwealth* v. *Rosenthal,* 211 Mass. 50,) he waived that right, and preferred to have them tried together.

*Exceptions overruled. Appeal dismissed.*