COMMONWEALTH *vs.* WILLIAM BAKER.

Suffolk.    October 5, 1964. — October 28, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Witness,* Self incrimination. *Constitutional Law,* Self incrimination. *Practice, Criminal,* Exceptions: whether error harmful. *Error,* Whether error harmful. *Evidence,* Offer of proof.

The privilege against self incrimination in the Fifth Amendment of the Federal Constitution is afforded by the Fourteenth Amendment to a witness testifying in a State proceeding; and the propriety of his claim of privilege to refuse to answer a question is determined under the Federal standard that he may refuse unless it is "perfectly clear" in the circumstances that the answer "cannot possibly" have a "tendency to incriminate."  [62–63]

After a witness for the defendant at a criminal trial had given his name and address on direct examination and then had claimed his privilege against self incrimination in refusing to answer any further questions, a ruling by the judge that he would not "allow any further questions" and that the witness might be "excused" afforded the witness broader protection than he was entitled to under his privilege and was error. [63]

Error in a ruling at a criminal trial precluding any further questions to a witness for the defendant on direct examination after he had given his name and address and then had claimed his privilege against self incrimination in refusing to answer any further questions was not, in the circumstances, shown to be prejudicial where the defendant's counsel did not indicate to the judge the line of inquiry to the witness which counsel wished to make.   [63–64]

INDICTMENT found and returned on May 10, 1963.

The case was tried in the Superior Court before *Gourdin,* J.

*Usher A. Moren* (*Ronald J. Chisholm* with him) for the defendant.

*Alfred L. Bunai,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.   The defendant was found guilty of selling a firearm to a minor in violation of G. L. c. 140, § 130, and

of carrying a firearm without a license in violation of G. L. c. 269, § 10.   This appeal, the trial having been made subject to G. L. c. 278, §§ 33A–33G, challenges the latter conviction.[1]

There is but one assignment of error and that concerns a ruling on evidence.   The ruling occurred in these circumstances.   One Melvin Simpson was called as a witness by the defendant.   Simpson at that time was in custody and he was brought into court, accompanied by his counsel, pursuant to a writ of habeas corpus ad testificandum.   The surname of the witness was the same as that of the minor (William Simpson) to whom the gun was sold.   There was evidence that the minor had shared with his brother a bedroom in which the gun in question had been kept, and that this gun had been used in a holdup.

After the witness had answered questions with respect to his name and address, the following occurred: COUNSEL FOR THE DEFENDANT: "Are you the brother of William Simpson, known as Nick?"   COUNSEL FOR THE WITNESS: "Your Honor please, . . . I have advised my client as to his rights, he being now in custody . . . that he avail himself of his constitutional rights from this point on."   THE JUDGE: "Is the witness going to claim that privilege?"   COUNSEL FOR THE WITNESS: "Yes, your Honor."   THE JUDGE: "What do you say, Simpson?"   THE WITNESS: "Yes."   THE JUDGE: "Will you tell us whether you're going to answer these questions?"   THE WITNESS: "I refuse to answer." [The witness and his counsel then informed the court that the refusal to testify was on the ground that "any further questions . . . might tend to incriminate" the witness.] THE JUDGE: "All right, the witness may be excused." COUNSEL FOR THE DEFENDANT: "Your Honor, I would ask the court the privilege of asking with relation to the particular question; the question is [is] he the brother of William Simpson, known as Nick?   If the court rules the ques-

---

[1] No sentence was imposed with respect to the indictment charging the sale of a firearm to a minor and that case was placed on file.  *Commonwealth* v. *Carver,* 224 Mass. 42, 44.

tion is incompetent I will, of course, not proceed with that question, but there may be some questions which might not incriminate him and I would like to put them to the witness." COUNSEL FOR THE WITNESS: "I feel, your Honor, he should be protected on his own case and I have advised him to refuse to answer . . . so I will take that responsibility." THE JUDGE: "The court recognizes that even a simple question as are you the brother of somebody else, may be of immediate importance in another case, and therefore the witness is privileged to exercise that privilege in this whole line of questioning." COUNSEL FOR THE DEFENDANT: "May I proceed to the next question?" THE JUDGE: "No, I am not going to allow any further questions on the theory that even an innocent question might be prejudicial to his rights." The defendant excepted to this ruling.

The witness was not on trial and did not have the constitutional right to refuse to testify that belongs to a defendant on trial. He had the rights of a witness and could refuse to answer only such questions as might tend to incriminate him. If the questions were not of an incriminating nature they had to be answered. *Bull* v. *Loveland,* 10 Pick. 9, 14. *Ross* v. *Crane,* 291 Mass. 29, 32. As Professor Wigmore has said, the privilege is "merely an option of refusal, not a prohibition of inquiry." Wigmore, Evidence (McNaughton rev.) § 2268. *Ross* v. *Crane, supra,* at page 32. *O'Connell* v. *United States,* 40 F. 2d 201, 205 (2d Cir.). *Mulloney* v. *United States,* 79 F. 2d 566, 579–580 (1st Cir.). *United States* v. *Benjamin,* 120 F. 2d 521, 522 (2d Cir.). The privilege does not preclude interrogation.

The witness was in custody, presumably awaiting trial, and was doubtless apprehensive lest he be compelled to give evidence that would tend to incriminate him in that case. Thus he even took the precaution of having his counsel in court to assist him in protecting his rights. But it cannot be assumed that every question that would be asked would tend to incriminate. The danger of incrimination must be real and not imaginary.

We are mindful that the recent decision in *Malloy* v. *Hogan,* 378 U. S. 1, has held that the Fourteenth Amend-

ment guarantees to a witness testifying in a State court the protection of the Fifth Amendment and that Federal standards will apply in determining whether a claim of privilege is justified. Under the Federal standard it must be " '*perfectly clear,* from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such tendency' to incriminate." *Malloy* v. *Hogan, supra,* at pages 11–12. To the extent that *Sandrelli* v. *Commonwealth,* 342 Mass. 129, 135, lays down a different standard it must give way to that set forth in the *Malloy* case. But even under the *Malloy* standard not every question put to a witness, even to one in custody awaiting trial, would offend against the privilege. Whether a question calls for an incriminating answer must be determined in the setting in which it is asked.

In the case at bar the ruling of the judge gave the witness a broader protection than he was entitled to, for it foreclosed the asking of any further questions. This ruling might have included questions in which it was "perfectly clear" that they could not possibly tend to incriminate. If the witness had declined to answer such questions, he could have been ordered to answer them or face punishment for contempt. The ruling, therefore, was erroneous.

It remains to consider whether the ruling calls for reversal. Ordinarily an exception to the exclusion of questions put on direct examination will not be sustained in the absence of an offer of proof. The reason is that without an offer of proof the excepting party has not shown that he was prejudiced by the ruling. *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass. 261, 266–267. *Commonwealth* v. *Farrell,* 322 Mass. 606, 623. *Ross* v. *Nourse,* 330 Mass. 666, 670. Compare *Ford* v. *Worcester,* 339 Mass. 657, 659, and cases cited. Even in cross-examination where ordinarily an offer of proof is not required there still must be an indication that the excluded matter would be helpful. *Commonwealth* v. *Doyle,* 323 Mass. 633, 635. *Donahue* v. *Kenney,* 330 Mass. 9, 13. *Perry* v. *Carter,* 332 Mass. 508, 513. We are of opinion that

the defendant should have indicated the line of inquiry that he proposed to make. This would have served the purpose of enabling the trial judge to consider the effect of his ruling in the light of the proposed questions and it would enable this court to determine wherein the defendant had been harmed. The area of inquiry open to the defendant was necessarily very narrow in view of the fact that probably most of the questions put to the witness would not have to be answered. We think in these circumstances that the erroneous ruling has not been shown to be prejudicial to the defendant and the entry must be

*Judgment affirmed.*