MALDEN EQUIPMENT CORPORATION *vs.* MALDEN REDEVELOPMENT AUTHORITY.

Middlesex. December 8, 1967. — January 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Evidence,* Of value, On cross-examination. *Practice, Civil,* Exceptions: outline bill.

At the trial of a proceeding for assessment of damages for a taking of land by eminent domain, where a witness for the petitioner testified on direct examination that he knew that the land had been taken for a redevelopment project and that he had not considered at all "any enhancement of the property by virtue of the taking," certain rulings by the judge improperly prevented the respondent from cross-examining the expert on the issue of enhancement and improperly limited the respondent in showing enhancement as part of its own direct case, and required a new trial. [496–497]

On an outline bill of exceptions pursuant to S. J. C. Rule 1.22, effective June 1, 1967, the excepting party, in order to comply with paragraph (13), should have filed a record appendix including portions of the designated transcript shown by that party's brief to be "necessary to . . . argument." [497]

PETITION filed in the Superior Court on December 23, 1963.

The case was tried before *Tomasello,* J.

*Henry P. Monaghan* for the respondent.

*Joseph F. Hodapp* for the petitioner.

WHITTEMORE, J. The respondent in this proceeding to assess damages for the taking of land in Malden on December 31, 1962, has excepted to rulings that restricted the respondent in its effort to show that the taken parcel was enhanced in value due to the prior announcement of the public improvement, the Suffolk Square-Faulkner Urban Renewal Project, of which the taking was a part, and that the petitioner's evidence of value reflected this enhancement. There was error.

The respondent was wrongly denied the opportunity to cross-examine the petitioner's expert as to possible enhancement. The expert had testified that he knew a redevelopment project was in process and that the petitioner's land was within it, having been taken for the purpose of the project. The petitioner's brief summarizes what ensued: "He was . . . asked several questions leading up to the questions whether he had taken into consideration the value to the taken parcel of the urban renewal project, and whether the project had any effect on the value of the property. Objections were sustained and exceptions taken." These questions related to an important issue in the case (*Cole* v. *Boston Edison Co.* 338 Mass. 661, 665–666, and cases cited) and the respondent should have been allowed to cross-examine. This would have been so even if the witness had not testified that he had given weight to comparable sales made before and after December 31, 1962. As the direct testimony stood, exploration of the subject was an important part of the respondent's case. That the witness on direct examination had answered in the negative the inquiry whether he had taken "into consideration at all, any enhancement of the property by virtue of the taking by the Malden Redevelopment Authority" was not a bar to cross-examination. On the contrary, it emphasized the appropriateness of questions to test the assertion. No offer of proof was required. The respondent could not know what the witness would answer.

The respondent in opening indicated its intention to offer testimony to show enhancement in the value of the property

due to the improvement of which it was a part. The judge ruled that he would exclude such testimony except proof of the date when the improvement began. Rulings were made on specific questions in accordance with this preliminary ruling. As the petitioner points out, some testimony in regard to the project was received, such as the starting date of the activities, the boundaries of the project, the construction of streets up to August, 1964, and the drainage and placement of fill. Detailed description of the work done to embody the project at dates after the taking could, in the judge's discretion, reasonably have been considered not to show an effect on land values of the announcement of the proposal prior to any work being done. But the preliminary ruling and certain specific rulings improperly limited the respondent.

As there must be a new trial we do not pause to consider these rulings nor whether in the light of the entire charge it was error not specifically to state the undoubted rule that the jury must disregard enhancement in value due to the project of which the land taken was a part.

This was, appropriately, an outline bill of exceptions under S.J.C. Rule 1.22, 351 Mass. 742. As the respondent's brief shows that portions of the designated transcript were "necessary to . . . [its] argument," such portions should have been included in a record appendix in compliance with paragraph (13) of the rule.[1]

*Exceptions sustained.*

---

[1] "(13) The excepting party shall file with or as a part of his brief a record appendix reproducing such portions of the designated transcript as he deems necessary to his argument. Each other party may file with or as a part of his brief a record appendix reproducing any additions to or corrections of the excepting party's record appendix."