MATHILDA BREAULT & another[1] *vs.* FORD MOTOR COMPANY.

Worcester.    October 2, 1973. — December 5, 1973.

Present:   TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Negligence,* Contributory, Assumption of risk, Motor vehicle. *Evidence,* On cross-examination. *Motor vehicle,* Seat belt.

In an action of tort for personal injuries arising from a defect in a seat of an automobile caused by negligence in its manufacture by the defendant, the defence of assumption of the risk was not available to the defendant where there was no evidence that the plaintiff knew of the defect. [354-355]

Discussion of and review of authorities on duty to wear a seat belt while riding in an automobile. [355-357]

At the trial in 1971 of an action for personal injuries sustained in 1967 through a defect in a front seat of an automobile caused by negligence in its manufacture by the defendant, merely excepting to exclusion of a question by the defendant's counsel to the plaintiff, whether she was wearing a seat belt at the time of the accident, was insufficient to raise in defence any issue of duty to wear a seat belt, even though the question was asked in cross-examination. [357-358]

TORT. Writ in the Superior Court dated November 16, 1968. The action was tried before *Coddaire,* J.

*William C. O'Neil, Jr.,* for the defendant.

*John J. O'Connell* for the plaintiffs.

WILKINS, J.    Mathilda Breault (the plaintiff) was injured while a passenger in a motor vehicle manufactured by the defendant Ford Motor Company (Ford). Ford concedes that there was sufficient evidence to warrant a finding that the plaintiff was injured due to negligence in the manufacture of the vehicle. Ford claims, however, that the judge improperly excluded a question put to the plaintiff asking whether she

---

[1]The other plaintiff, the husband of Mathilda Breault, sued for consequential damages.

Breault *v.* Ford Motor Company.

had a seat belt on at the time of the accident. Ford's answer, in addition to a general denial, alleged the affirmative defences of contributory fault and assumption of the risk.

On October 10, 1967, the plaintiff, aged sixty-two, was a passenger in the front seat of a 1966 Ford owned by her husband and operated by her daughter-in-law. The two door vehicle had a front seat the backs of which folded to permit passengers to get in the back seat. The plaintiff testified on direct examination that a condition arose requiring her daughter-in-law to stop the car abruptly. As the car was being stopped, the back of the seat snapped "and threw the . . . [plaintiff] on the dashboard." She then came back and the area between her shoulder blades struck the back of the seat which had twisted. Evidence, introduced later, indicated that the seat had not been properly attached on one side. The defect was not obvious without close inspection of the mechanism by which the seat was intended to be held in place.

On cross-examination, the plaintiff testified that the car had seat belts in the front seat. Counsel for Ford then inquired, "Did you have the seat belts on at the time [of the accident]?" Counsel for the plaintiff objected; the judge sustained the objection; and Ford claimed an exception. No offer of proof was made by Ford. Nor did Ford undertake then or at any subsequent time to explain to the judge why the excluded question sought to elicit evidence which was relevant or material.

Ford does not seriously contend that a statutory obligation to wear seat belts is imposed by G. L. c. 90, § 7, as amended by St. 1963, c. 826, which generally requires each private passenger vehicle used for other than public or commercial purposes, registered in the Commonwwealth and manufactured for model years subsequent to 1964, to "be equipped with two seat safety belts for the use of occupants of the front seats."[2] Ford does contend, however, that the absence

---

[2]Although St. 1963, c. 826, is entitled, "An Act requiring the *use* of seat belts in certain motor vehicles" (emphasis supplied), the substance of the act is concerned

Breault *v.* Ford Motor Company.

of a statutory obligation to wear seat belts does not foreclose the existence of a jury question as to whether the plaintiff had a common law duty to wear a seat belt in the circumstances. In making this contention Ford asserts that the availability of seat belts, in response to a statutory mandate that they be made available, is an element to be considered in determining whether the plaintiff had a common law duty to wear the available seat belt.

Ford's argument that the plaintiff should have worn a seat belt is based on claims of (a) assumption of risk, (b) contributory fault and (c) mitigation of damages.[3]

The defence of assumption of the risk is not applicable in this case. Assumption of the risk, which must be pleaded as an affirmative defence (*Winchester* v. *Solomon,* 322 Mass. 7, 11 [1947]), as it was in this case, involves the voluntary consent of a person to encounter the risk and to take his chances. *Hietala* v. *Boston & Albany R.R.* 295 Mass. 186, 189-192 (1936). *Holland* v. *Pitocchelli,* 299 Mass. 554, 558

with the installation of seat belts and not with their use by an occupant of the vehicle. The title to an act cannot control the plain provisions of the statute, although it may be a guide to resolving an ambiguity in the legislation. See *Commonwealth* v. *Jarrett,* 359 Mass. 491-495, fn. 5 (1971). There is, however, no ambiguity here.

Other courts, considering statutes requiring installation of seat belts in motor vehicles manufactured after a certain date, have held that no statutory duty to wear a seat belt should be impliedly found. See, e.g., *Hampton* v. *State Hy. Commn.* 209 Kans. 565, 580 (1972); *Miller* v. *Miller,* 273 N. C. 228, 231 (1968); *Robinson* v. *Lewis,* 254 Ore. 52, 55 (1969); *Bentzler* v. *Braun,* 34 Wis. 2d 362, 385 (1967). At least three State statutes have stated that the failure to wear seat belts shall not be admissible in evidence in any civil trial arising out of an automobile accident. Iowa Code (1966) § 321.445. Maine Rev. Sts. Anno. (Supp. 1973) Tit. 29. § 1368-A. Minn. Sts. Anno. (Supp. 1973) § 169.685. One State proscribes introduction of evidence of nonuse of a seat belt on the contributory negligence issue or the mitigation of damages issue. Tenn. Code Anno. (1968) § 59-930. Another State statute declares that failure to wear a belt will not be deemed negligence. Va. Code Anno. (1972) § 46.1-309.1 (b).

[3]Ford does not contend that the concept of mitigation of damages is applicable here in its usual form. The duty of a plaintiff to take action to mitigate damages typically arises after, and not before, the defendant's allegedly wrongful conduct has occurred. See *Sullivan* v. *Old Colony St. Ry.* 200 Mass. 303, 309 (1908); *Brian* v. *B. Sopkin & Sons, Inc.* 314 Mass. 180, 183 (1943); *Baglio* v. *New York Cent. R.R.* 344 Mass. 14, 18 (1962); *Quaranto* v. *Silverman,* 345 Mass. 423, 428 (1963). Here Ford is contending that if the plaintiff is not absolutely barred by the defences of contributory negligence or assumption of the risk, at least it should not be liable for the consequences of injuries which would not have been sustained if the plaintiff had been wearing a seat belt. Because of our holding in this case we need not decide whether in these circumstances a duty to wear a seat belt might have existed comparable to the duty to mitigate damages.

(1938). See Restatement 2d: Torts, § 496C. The plaintiff must be shown to know of the risk of harm from the defendant's conduct and to appreciate the unreasonable character of the risk. Restatement 2d: Torts, § 496D. Here there was no evidence that the plaintiff knew of the defect in the seat caused by Ford's negligence in the manufacture of the vehicle. Because the plaintiff did not know of the risk created by the defendant's negligence, she could not and did not assume it. *Farley* v. *Hampson,* 323 Mass. 550, 551-552 (1949).

Decisions in other jurisdictions have considered the seat belt defence in terms of the possibility of contributory fault or in terms of a possible duty of the plaintiff to take protective action analogous to a plaintiff's duty to mitigate damages.[4] A majority of the cases conclude that in normal driving circumstances there is no common law duty to wear a seat belt which would either constitute contributory fault[5] or justify a mitigation of the damages otherwise recoverable.[6] A

---

[4] We assume in Ford's favor that in this case it may properly raise the defence of contributory negligence and a claim that damages should be reduced by reason of the plaintiff's failure to use her seat belt. The plaintiff would contend that, because the injury was caused by a defect which created a risk which the plaintiff could not reasonably foresee, Ford may not in any respect rely on the plaintiff's failure to wear her seat belt. There is support for the proposition that fault of a plaintiff creating a risk from a foreseeable event will not bar that plaintiff from recovery for harm caused due to an unforeseeable event. See *Dewire* v. *Boston & Maine R.R.* 148 Mass. 343, 347-348 (1889); Restatement 2d: Torts, § 468; Prosser, Torts (4th ed.) § 65, pp. 421-422. Ford would reply that the risk of injury, or greater injury, was created by the failure to wear the seat belt and that, because the risk of injury from some cause was foreseeable, it should not matter that the injury occurred as a result of a hidden defect. Perhaps Ford would further assert that the risk created by negligent manufacture of vehicles, as well as the risk of negligent operation of vehicles, was a foreseeable risk. Because of what we subsequently hold in this opinion we find it unnecessary to resolve this question, which was not discussed by either party.

[5] *Woods* v. *Smith,* 296 F. Supp. 1128 (N. D. Fla. 1969). *Moore* v. *Fischer,* 31 Ct. App. Colo. 425, 429 (1972). *Lipscomb* v. *Diamiani,* 226 Atl. 2d 914 (Del. Super. 1967). *Hampton* v. *State Hy. Commn.* 209 Kans. 565, 580 (1972). *Lawrence* v. *Westchester Fire Ins. Co.* 213 So. 2d 784, 786 (Ct. App. La. 1968). *Romankewiz* v. *Black,* 16 Mich. App. 119 (1969). *Miller* v. *Haynes,* 454 S. W. 2d 293, 297-300 (Ct. App. Mo. 1970). *Miller* v. *Miller,* 273 N. C. 228 (1968). *Robinson* v. *Lewis,* 254 Ore. 52, 55-57 (1969), and cases cited. *Derheim* v. *N. Fiorito Co. Inc.* 80 Wash. 2d 161, 166-172 (1972), and cases cited.

[6] *Britton* v. *Doehring,* 286 Ala. 498, 504-508 (1970), and cases cited. *Moore* v. *Fischer,* 31 Ct. App. Colo. 425, 429 (1972). *Hampton* v. *State Hy. Commn.* 209 Kans. 565, 579-581 (1972). *Derheim* v. *N. Fiorito Co. Inc.* 80 Wash. 2d 161, 168-170 (1972).

minority of jurisdictions conclude that the failure to wear a seat belt creates a jury question on contributory fault[7] or mitigation of damages.[8] We have found no decision which makes the failure to wear a seat belt negligence as matter of law.

Courts which have rejected the seat belt defence have generally been unwilling to assume that seat belts have such an obvious beneficial effect that a common law duty to wear them should be found. See, e.g., *Britton* v. *Doehring,* 286 Ala. 498, 508 (1970).[9] At the same time, those courts have been willing in effect to take judicial notice that most people do not wear seat belts. See, e.g., *Peterson* v. *Klos,* 426 F. 2d 199, 204 (5th Cir. 1970); *Hampton* v. *State Hy. Commn.* 209 Kans. 565, 580 (1972); *Miller* v. *Miller,* 273 N. C. 228, 232-233 (1968); *Robinson* v. *Lewis,* 254 Ore. 52, 56 (1969). Common practice, which usually tends only to show that action consistent with it is not negligent (*Clough* v. *New England Tel. & Tel. Co.* 342 Mass. 31, 35 [1961]), has thus been regarded as virtually conclusive where the beneficial effect of seat belts is not assumed and no special circumstances exist calling for the use of seat belts. If one does what others do in like circumstances, the inference that he is conforming to the community standard of reasonable conduct may be so strong in particular circumstances as to establish that the individual was not negligent. See *Corthell* v. *Great Atl. & Pac. Tea Co.* 291 Mass. 242; Restatement 2d:

[7]*Husted* v. *Refuse Removal Serv.* 26 Conn. Supp. 494 (1967). *Sams* v. *Sams,* 247 S. C. 467 (1966). *Bentzler* v. *Braun,* 34 Wis. 2d 362, 387 (1967).

[8]*Remington* v. *Arndt,* 28 Conn. Supp. 289 (1969) (dicta). *Mount* v. *McClellan,* 91 Ill. App. 2d 1, 5 (1968). *Sonnier* v. *Ramsey,* 424 S. W. 2d 684, 689 (Texas Civ. App. 1968) (dicta).

[9]The unwillingness to recognize the efficacy of a properly worn seat belt may result from the fact that wearing a seat belt is not beneficial in all instances. See *Miller* v. *Miller,* 273 N. C. 228, 233 (1968); Snyder, The Seat Belt as a Cause of Injury, 53 Marquette L. Rev. 211, 212-213 (1970). However, studies clearly have demonstrated that seat belts on balance contribute to greater safety to occupants of vehicles. See *Bentzler* v. *Braun,* 34 Wis. 2d 362, 386 (1967), and the studies cited; Bowman, Practical Defense Problems — The Trial Lawyer's View, 53 Marquette L. Rev. 191 (1970).

Torts, § 295A, comment b; Prosser, Torts (4th ed.) § 33, pp. 166-168.

There was a reasonable basis for concluding in 1967 that one who did not wear a seat belt was conforming to a general, but not universal, practice in the community. Although the State had required two seat belts in the front seat of most private passenger vehicles manufactured for 1965, and for subsequent model years, it had not required the installation of seat belts in all passenger positions in such vehicles and had not required the installation of seat belts in all new vehicles nor at all in older motor vehicles. In 1967, the net benefit of wearing seat belts had not effectively been brought to the attention of the public.[10]

Viewing this case therefore in the posture both of the trial at the time the evidence was excluded and of circumstances in October, 1967, when the accident occurred, we hold that Ford had an obligation to do more than simply except to the judge's ruling on the plaintiff's objection. In excluding the answer the judge did not have before him a readily apparent, material issue to which the failure to wear a seat belt was obviously relevant. Admittedly the question was excluded on cross-examination where an offer of proof is normally not required. *Malden Equip. Corp.* v. *Malden Redevelopment Authy.* 353 Mass. 495, 496 (1968). However, Ford was undertaking to establish a new principle of motor vehicle tort law in the Commonwealth.[11] Standing alone, an answer that the plaintiff was not wearing the seat belt would have been insufficient to submit the seat belt issue to the jury. Ford should have disclosed that it proposed to connect the failure to wear the seat belt both to the plaintiff's injuries (or at least

---

[10]From subsequent efforts of the Federal government to develop other safety devices and from its subsequent requirement of seat belt warning systems for the two outside front seats of vehicles manufactured on or after January 1, 1972 (see 49 C. F. R. [1972] § 571:208, amending 49 C. F. R. [1969] § 371.21, and 23 C. F. R. [1968] § 255.21), we may reasonably infer that in 1967 the ultimate purpose of the requirement that seat belts be installed was not being generally achieved.

[11]We know from oral argument that Ford had an expert available to testify on the benefits of wearing seat belts. This fact was not called to the judge's attention at any time.

some of them) and to the existence of a duty to wear the seat belt. This case, therefore, falls into that relatively rare group of cases where, if the purpose or significance of the question is obscure and the prejudice to the cross-examiner is not clear, we have held that the record must disclose the cross-examiner's reason for seeking an answer to an excluded question. See *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 401 (1931); *Perry* v. *Carter,* 332 Mass. 508, 513 (1955). Cf. *Commonwealth* v. *Baker,* 348 Mass. 60, 63 (1964). The materiality of the plaintiff's failure to wear a seat belt was particularly unclear in this atypical motor vehicle accident where the injury was caused by a defect in the seat in which the plaintiff was sitting. An inference was possible that the plaintiff would have sustained an equal or greater injury from the displacement of the seat if she had worn the seat belt.

We express no opinion whether the seat belt defence would have been appropriate in this case, if clearly presented, nor whether it would be appropriate in other circumstances, particularly in more recent years when the percentage of vehicles with seat belts has increased and the persistence of the Federal government on the subject of seat belts has reached the point where a functioning warning system must be installed in new motor vehicles. For example, an operator of a vehicle who defeats the purpose of the warning system by connecting the seat belt behind him may well be in a different position from the plaintiff here.[12]

---

[12]If a question as to the reasonableness of a plaintiff's conduct in not "buckling up" is properly raised, there may be a complete explanation for the plaintiff's failure to wear the seat belt. The physical, and perhaps even mental, condition of the plaintiff may justify a failure to "buckle up."

If we were to hold that there was a duty to wear a seat belt in an accident which occurred after December 31, 1970, we would have to consider the relationship of the seat belt defence to our comparative negligence statute. See G. L. c. 231, § 85, as appearing in St. 1969, c. 761, § 1 (effective as to causes of action arising on and after January 1, 1971; see St. 1969, c. 761, § 2). Some decisions in States where comparative negligence is not part of their law of torts have rejected the seat belt defence because permitting such a defence, at least in its mitigation of damages aspect, would result in an indirect adoption of the concept of comparative negligence. See, e.g., *Britton* v. *Doehring,* 286 Ala. 498, 508 (1970). The two concepts (mitigation of damages pursuant to a seat belt defence and comparative negligence) are not,

From what we have said the judge properly excluded the question whether the plaintiff was wearing the available seat belt.

*Exceptions overruled.*

---

however, necessarily identical in their impact. Denial to a plaintiff of recovery for the consequences of injuries which would not have been incurred if he had worn a seat belt (increased by the injuries which would have been sustained from the wearing of the seat belt) *may* call for a different financial result than that obtained under the standard of comparison by which a plaintiff's recovery is diminished, pursuant to G. L. c. 231, § 85, "in proportion to the amount of negligence attributable" to the plaintiff. See 54 Mass. L. Q. (No. 2) 140, 142-144; 55 Mass. L.Q. (No. 2) 125, 130, 151. If a duty to wear a seat belt did exist, as to a post-December 31, 1970, accident, the comparative negligence statute would seem to be the appropriate means for dealing with the seat belt defence.