COMMONWEALTH *vs.* GEORGE W. RICHTER. January 30, 1975. The defendant has appealed (G. L. c. 278, §§ 33A-33G) from convictions of the crimes of assault and battery by means of a dangerous weapon and of rape. Error is alleged in two rulings by the judge as to the admissibility of evidence. There was no error. 1. As no exception was taken to the first of those rulings, it is not properly before us (*Commonwealth* v. *Foley,* 358 Mass. 233, 236 [1970]); nor was there any motion to strike an unresponsive answer to the next question which somewhat extended the answer to the prior question. 2. The victim had testified at the trial as one of the Commonwealth's witnesses and had been cross-examined by the defendant's attorney. After the Commonwealth had rested its case the judge, in the exercise of his discretion, allowed the defendant's attorney to recall and further cross-examine the victim. Both examinations appeared to have been largely directed to the victim's morals and life style. During the second examination the victim was asked, "... [P]rior to this alleged rape, when was the last time you had intercourse?" An exception was taken to the exclusion of that question. The defendant now argues that the judge's ruling precluded the jury from hearing whether there was another explanation for the presence of sperm in the victim's vagina (shown by a hospital record previously admitted in evidence) and that he was effectively deprived of his rights under the Sixth Amendment to the United States Constitution and Article 12 of the Declaration of Rights. We need not consider whether there might be merit to the defendant's argument as he never informed the judge of the purpose to be served by an answer to the question. He had at least two opportunities to do so, the first at the time the ruling was made and again at a bench conference held a short time later at which the judge stated why he considered the question to be improper. This case "falls into that relatively rare group of cases where, if the purpose or significance of the question is obscure and the prejudice to the cross-examiner is not clear ... the record must disclose the cross-examiner's reason for seeking an answer to an ex-

cluded question." *Breault* v. *Ford Motor Co.* 364 Mass. 352, 358 (1973).
See *Commonwealth* v. *Baker,* 348 Mass. 60, 63-64 (1964).

*Judgments affirmed.*

*Michael J. Ripps* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.